### Craig SAUNDERS, Petitioner

v.

### PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 9, 2012.

Decided July 5, 2012.

Maria G. Macus–Bryan, Assistant Counsel, Mechanicsburg, for respondent.

BEFORE: LEADBETTER, Judge, and LEAVITT, Judge, and COLINS, Senior Judge.

OPINION BY Judge LEADBETTER.

Petitioner, Craig Saunders, proceeding *pro se*, petitions for review of the final determination of the Office of Open Records (OOR), which dismissed his appeal from the partial denial by the Pennsylvania Department of Corrections (the Department) of his Right–to–Know Law[1] (RTKL) request. We affirm.

Petitioner submitted a RTKL request to the Department seeking access to:

1. the job descriptions of the members of the Incoming Publication Review Committee;

2. any and all policies, directives, or regulations regarding the status, classifications, or treatment of "Five Percenters," also known as the "Nation of Gods and Earths;" and

3. any and all policies, directives, or regulations that provide a formal or official definition of "gang" and "gang members" for the Department, its Institutions, and personnel.

Certified Record (C.R.) at 1. The Department granted access to Item No. 1, but denied access to Item No. 2 and Item No. 3, asserting that these requests fell under Section 708(b)(1)(h) of the RTKL, 65 P.S. § 67.708(b)(1)(h) (personal security exemption), Section 708(b)(2), 65 P.S. § 67.708(b)(2) (law enforcement exemption), Section 708(b)(16), 65 P.S. § 67.708(b)(16) (criminal investigation exemption), Section 708(b)(17), 65 P.S. § 67.708(b)(17) (non-criminal investigation

Craig Saunders, pro se.

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

exemption), and Section 708(b)(10)(i)(A), 65 P.S. § 67.708(b)(10)(i)(A) (internal, predecisional deliberative exemption). Petitioner appealed the partial denial to the OOR. OOR issued a final determination dismissing the appeal because Petitioner failed "to state the ground upon which [he] asserts that the record is a public record" as required by Section 1101(a)(1) of the RTKL,[2] 65 P.S. § 67.1101(a)(1). C.R. at 5. This appeal followed.[3]

Petitioner asserts that OOR erred in dismissing his appeal for several reasons. First, the Department failed to produce facts sufficient to rebut the presumption that the records in its possession are public records and failed to meet its burden to prove that the requested records are exempt from disclosure.[4] Also, the Department failed to comply with Section 706 of the RTKL, 65 P.S. § 67.706, which requires disclosure of public records subject to redaction of exempt information.

A record in the possession of a Commonwealth agency is presumed to be a public record, unless the record is exempt under section 708 of the RTKL, protected by a privilege, or exempt from disclosure under other law or court order. Section 305, 65 P.S. § 67.305(a). A Commonwealth agency bears the burden of proving that a record is exempt from public access. 65 P.S. § 67.708(a)(1).

■ Petitioner's first argument addresses the sufficiency of the Department's denial of his request. Petitioner contends that because the Department's denial merely parroted the statutory language he was unable to properly respond to the Department's assertion of exemption from disclosure. Section 903 of the RTKL, 65 P.S. § 67.903, states that a denial of access shall include, *inter alia,* a description of the record requested and the specific reasons for the denial, including a citation of the supporting legal authority. Correspondingly, Section 1101 of the RTKL, 65 P.S. § 67.1101, requires that a party appealing a denial shall "state the grounds upon which the requester asserts that the record is a public record ... and shall address any grounds stated by the agency for ... denying the request." *See Dep't of Corr. v. Office of Open Records,* 18 A.3d 429 (Pa.Cmwlth.2011).

■ The Department asserted that the requested records were exempt from disclosure under five different subsections of Section 708. Petitioner is correct in noting that the Department merely parroted the statutory language. However, the Department's citations to the various subsections of Section 708 were sufficient to give him notice of the grounds for denial.[5] Once the Department asserted that the request-

2. Section 1101(a)(1) provides:

If a written request for access to a record is denied or deemed denied, the requester may file an appeal with the Office of Open Records.... The appeal shall state the grounds upon which the requester asserts that the record is a public record ... and shall address any grounds stated by the agency for delaying or denying the request.

3. In reviewing a final determination of the OOR, this Court "independently reviews the OOR's orders and may substitute its own findings of facts for [those] of the agency." *Bowling v. Office of Open Records,* 990 A.2d 813,

818 (Pa.Cmwlth.2010), *appeal granted in part,* 609 Pa. 265, 15 A.3d 427 (2011).

4. Additionally, Petitioner argues that because the Department failed to provide a description of the records requested, he was unable to formulate sufficiently specific objections to the Department's denial. However, Petitioner did not raise this issue in his appeal to OOR. C.R. at 3. Thus, this argument is waived. *Fort Cherry Sch. Dist. v. Coppola,* 37 A.3d 1259 (Pa.Cmwlth.2012).

5. Nevertheless, we note that with regard to the law enforcement exemption, Section 708(b)(2), the Department stated that disclo-

ed records were exempt from disclosure under Section 708, Petitioner was required by Section 1101 to state why the records did not fall under the asserted exemptions and, thus, were public records subject to access. Petitioner failed to do so.

 Petitioner's argument that the Department was required to produce the requested records subject to redaction of the exempt information is without merit. Section 706 provides that if an agency determines that a *public record* contains information that is both subject to disclosure and exempt from the disclosure, the agency shall grant access and redact from the record the information which is subject to disclosure. Pursuant to Section 706, the redaction requirement only applies to records that are determined to be "public records." A "public record" is defined in part as "[a] record, including a financial record, of a Commonwealth ... agency that: (1) *is not exempt* under section 708." Section 102, 65 P.S. § 67.102 (emphasis added). Thus, a record that falls within one of the exemptions set forth in Section 708 does not constitute a "public record." *Dept. of Health v. Office of Open Records,* 4 A.3d 803 (Pa.Cmwlth.2010).

For all of the foregoing reasons, we affirm.

### ORDER

AND NOW, this 5th day of July, 2012, the order of the Office of Open Records is hereby AFFIRMED.

sure of the requested records "would threaten public safety and the Department's public protection activities in maintaining safe and secure correctional institutions by allowing inmates or others to access information that can be used to undermine the Department's security procedures." C.R. at 2. This elabora-tion by the Department provided Petitioner with the reason why the records were not disclosable and an explanation why the requested records fell under the law enforcement exemption. Petitioner still failed to challenge the Department assertion of the law enforcement exemption.