IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,          :
Department of Labor and Industry,       : No. 980 C.D. 2015
                                        : Argued:  March 9, 2016
                        Petitioner       :
                                        :
            v.                          :
                                        :
Kathryn Simpson,                        :
                                        :
                        Respondent       :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge



OPINION
BY JUDGE WOJCIK                          FILED:  August 30, 2016


        The Department of Labor and Industry (Department) petitions for
review of the May 15, 2015 Final Determination of the Office of Open Records
(OOR) granting in part and denying in part the request filed by Kathryn Simpson,
Esq., (Requester) under the Right-to-Know Law (RTKL),[1] for information related
to workers' compensation claims filed on or after January 1, 2014.  For the reasons
that follow, we reverse.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

On February 24, 2015, Requester submitted a RTKL request to the Department's open-records officer, asking for the following information:

1. Names and addresses of all workers' compensation claimants who have filed claims on or after January 1, 2014;

2. Date of injury;

3. Claim number assigned; and

4. Name and address of workers' compensation carrier.

Reproduced Record (R.R.) at 1a-2a. In the request form, Requester stated that the purpose of the request was not to obtain medical records but "only information sufficient for the employer or insurance company who made payments to or on behalf of these claimants to seek subrogation from the appropriate party before the workers' compensation judge or board."[2] R.R. at 2a.

---

[2] In relevant part, Section 319 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §671, states:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer . . . .

> Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

On March 3, 2015, the Department denied the request, citing Sections 708(b)(5)[3] and 708(b)(28)[4] of the RTKL, and asserting that the records requested relate to the disability status of individuals and would identify individuals who have applied for workers' compensation benefits.  R.R. at 3a-4a.

---

[3] Section 708(b)(5) states that the following records are exempt from access:

> A record of an individual's medical, psychiatric or psychological history or disability status, including an evaluation, consultation, prescription, diagnosis or treatment; results of tests, including drug tests; enrollment in a health care program or program designed for participation by persons with disabilities, including vocation rehabilitation, workers' compensation and unemployment compensation; or related information that would disclose individually identifiable health information.

65 P.S. §67.708(b)(5).

[4] Section 708(b)(28) exempts from disclosure:

> A record or information:
>
> (i) *identifying an individual* who applies for or receives social services; *or*
>
> (ii) *relating to* the following:
>   (A) the type of social services received by an individual;
>   (B) *an individual's application* to receive social services, including a record or information related to an agency decision to grant, deny, reduce or restrict benefits, including a quasi-judicial decision of the agency and the identity of a caregiver or others who provide services to the individual; or
>   (C) eligibility to receive social services, including the individual's income, assets, physical or mental health, age, disability, family circumstances or record of abuse.

65 P.S. §67.708(b)(28) (emphasis added).

3

Requester appealed to the OOR, arguing that the requested records are not exempt under Section 708 of the RTKL, protected by any privilege, or protected by any other federal or state law. More specifically, Requester asserted that Section 708(b)(5) of the RTKL does not provide a blanket exception for all workers' compensation records, but rather, is applicable only to medical or disability status information. Additionally, although Requester acknowledged that Section 708(b)(28) of the RTKL exempts from disclosure records relating to an individual's receipt of social services, including workers' compensation benefits,[5] she nevertheless argued that application of that exception precludes employers and insurers from obtaining information necessary to assert their rights under workers' compensation law. R.R. at 5a-7a.

The Department filed a response to Requester's appeal, asserting that the plain language of Section 708(b)(5) restricts access to any records reflecting an individual's enrollment in a workers' compensation program and that Section 708(b)(28) precludes access to records that relate to an individual's application for workers' compensation benefits. The Department also noted that whether the requested information would be useful in workers' compensation cases is irrelevant.[6]

---

[5] Section 102 of the RTKL, defines the term 'social services' as including workers' compensation benefits. 65 P.S. §67.102.

[6] In *Hunsicker v. Pennsylvania State Police*, 93 A.3d 911, 913 (Pa. Cmwlth. 2014), we explained:

> Under the RTKL, whether the document is accessible is based only on whether a document is a public record, and, if so, whether it falls within an exemption that allows that it not be disclosed. The status of the individual requesting the record and the reason for the request, good or bad, are irrelevant as to whether a document must

**(Footnote continued on next page…)**

4

The OOR issued a Final Determination on May 15, 2015, granting the appeal in part and denying it in part. The OOR first concluded that the records are not exempt under Section 708(b)(5), observing that the Department presented no evidence to demonstrate that any of the items requested would reveal the type or nature of an individual's injury or any individually identifiable health information. The OOR also stated that while items 1 and 2 of the request (a claimant's name and address and date of injury) may generally reveal the fact that an individual was injured, such records do not reveal the type or nature of the individual's injury. Finally, the OOR concluded that there is "no plausible basis" to find that the records responsive to items 3 and 4 (claim numbers and names and addresses of workers' compensation carriers) reveal individually identifiable health information. Therefore, the OOR concluded that none of the requested information falls within the exception to disclosure in Section 708(b)(5). R.R. at 14a-15a.

The OOR next determined that a claimant's name is exempt under Section 708(b)(28) because revealing a claimant's name would identify a recipient of social services. However, the OOR further concluded that the exemption did not apply to the records requested in their entirety. Relying on *Housing Authority of the City of Pittsburgh v. Van Osdol*, 40 A.3d 209 (Pa. Cmwlth. 2012), the OOR reasoned that records responsive to the remainder of the request, the claimants' addresses, dates of injury, claim numbers, and the names and addresses of workers' compensation insurance carriers, would not identify an individual who applies for

(continued…)

be made accessible under Section 301(b). See 65 P.S. §67.301(b) (stating that an agency 'may not deny a requester access to a public record due to the intended use of the public record by the requester unless otherwise provided by law.').

5

or receives social services and, therefore, were not exempt under Section 708(b)(28). R.R. at 15a-18a.

Accordingly, the OOR directed the Department to provide all responsive records, with the exception of the names of workers' compensation claimants, within thirty days. The Department now appeals to this Court.[7]

The Department argues that the OOR erred in ordering the redaction of claimants' names and disclosure of the remainder of the requested information when the requested record in its entirety is not a public record.[8] We agree.

A party seeking access to information under the RTKL must establish that the information sought is a "record" of the agency. *Pennsylvania Office of Attorney General v. Philadelphia Inquirer*, 127 A.3d 57, 60 (Pa. Cmwlth. 2015). Section 102 of the RTKL defines a "record" as "information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business, or activity of the agency." 65 P.S. §67.102. Under the RTKL, a determination of whether information is accessible is based on whether it is a "public record." *Clinkscale v. Department of Public Welfare*, 101 A.3d 137, 140 (Pa. Cmwlth. 2014). Section 102 of the RTKL defines a "public record" as

> [a] record, including a financial record, of a Commonwealth or local agency that:
> *(1) is not exempt under section 708;*

---

[7] In reviewing a final determination of the OOR, this Court's standard of review is de novo and our scope of review is plenary. *Clinkscale v. Department of Public Welfare*, 101 A.3d 137, 139 n.2 (Pa. Cmwlth. 2014).

[8] We have reordered the arguments raised by the Department.

6

(2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or

(3) is not protected by a privilege.

67 P.S. §67.102 (emphasis added).

A Commonwealth agency bears the burden of proving that a record is exempt from disclosure under the RTKL. Section 708(a) of the RTKL, 65 P.S. §67.708(a). If a record is exempt under Section 708(b), it is not a public record subject to disclosure under the RTKL. 67 P.S. §67.102; *Saunders v. Pennsylvania Department of Corrections,* 48 A.3d 540, 543 (Pa. Cmwlth. 2012). If a record is not exempt from disclosure, but contains information that is not subject to access, the agency may discharge its duty by providing redacted records. Section 706 of the RTKL, 65 P.S. §67.706. Conversely, if a record is exempt from disclosure under the RTKL and thus is not a public record, it need not be redacted in accordance with Section 706 of the RTKL. *Department of Corrections v. St. Hillaire*, 128 A.2d 859, 865-66 (Pa. Cmwlth. 2015).

In determining that the requested record was not exempt in its entirety and ordering redaction, the OOR erred in two respects. First, the OOR failed to recognize that the subsections of Section 708(b) set forth separate and distinct exemptions from public access. Additionally, the OOR erred in ordering redaction of information from a record that is exempt from disclosure and therefore not a public record under Section 708(b)(28)(ii)(B).

In doing so, the OOR relied on *Van Osdol*, which involved a RTKL request by reporter Paul Van Osdol (Van Osdol) asking the Housing Authority of the City of Pittsburgh (Authority) to provide the addresses and owner names for all

7

Section 8 properties administered by the Authority.[9] The Authority denied the request, asserting, *inter alia*, that the information was exempt from public access under Section 708(b)(28)(i) ("identifying an individual who applies for or receives social services") and 708(b)(28)(ii)(A) ("relating to the type of social services received by an individual"). Van Osdol appealed to the OOR, alleging that he sought only the addresses of Section 8 properties and the names of such property owners, not the names of housing subsidy recipients. The Authority responded that disclosure of Section 8 property addresses would identify thousands of households participating in the Section 8 program and the disclosure of the landlords' names would enable Van Osdol to search county real estate records and identify persons receiving assistance.

In its final determination, the OOR directed the Authority to provide the requested information to Van Osdol, on the ground that disclosure of the name of the owner of a Section 8 property or the property's address does not, by itself, identify an individual who receives social services.

The Authority appealed to the trial court, which dismissed the appeal for lack of jurisdiction but considered the merits of the appeal nonetheless; the trial court concluded, *inter alia*, that the Authority failed to establish that the information requested was exempt from public access under Section 708(b)(28)(i), as information identifying individuals applying for or receiving social services or Section 708(b)(28)(ii)(A), as information relating to the type of social services received by an individual.

---

[9] The "Section 8 Program," which is funded by the federal government and administered by local housing authorities, provides rental assistance to low-income families. Section 8(a) of the Housing and Community and Development Act of 1974, 42 U.S.C. §1437(f).

On further appeal to this Court, we noted that the exemptions from disclosure under Section 708(b) must be narrowly construed. *Van Osdol*, 40 A.3d at 215. We determined that the requested information, addresses of Section 8 properties and names of individuals who owned them, did not, itself, identify individuals who applied for or receive social services or the type of social services those individuals receive. Narrowly construing the exemptions to disclosure, we held that the information requested in *Van Osdol* did not fall within the exemptions set forth at Section 708(b)(28)(i) and (ii)(A).[10]

In applying *Van Osdol* to this case, the OOR reasoned that "[a]ny claimant's name is exempt under Section 708(b)(28) as it would clearly identify the name of a recipient of social services." (OOR Final Determination at 6.) The OOR also determined that "the home addresses of the recipients of social services are subject to public access because without the corresponding name of the recipient, the address will not identify an individual who applies for or receives social services. *Id.*

However, the OOR failed to distinguish the exemptions at issue in *Van Osdol*, at Section 708(b)(28)(i) and 708(b)(28)(ii)(A), from the specific exemption at issue in this case, which exempts from access a record or information relating to "an individual's application" to receive social services. Section 708(b)(28)(ii)(B), 65 P.S. §67.708(b)(28)(ii)(B). In contrast to Section 708(b)(28)(i) and 708(b)(28)(ii)(A), this provision does *not* require that the requested information identify any individual, or relate to the type of social

_____

[10] The court also rejected the Authority's assertion that, given the ease of the county's electronic records search capabilities, the disclosure of the requested information would allow Van Osdol to ascertain the identity of social service recipients and the type of services they receive, as unsupported by evidence of record.

services received by any individual, in order to be exempt from public access. Instead, and in addition to those specific exemptions, the plain language of Section 708(b)(28)(ii)(B) applies to any record or information *relating to an individual's application* to receive social services.[11]

Without question, every element of this request, for names and addresses of all workers' compensation claimants who have filed claims on or after January 1, 2014; date of injury; claim number assigned; and name and address of workers' compensation carrier, has the same genesis, an individual's claim for workers' compensation benefits. In the context of workers' compensation law, a "claim" is an "application" for benefits. Thus, on its face, the request seeks information "relating to . . . an individual's application" for workers' compensation, and such information is exempt from public access under Section 708(b)(28)(ii)(B). The OOR erred in failing to separately consider and apply this provision.

Because the requested information is exempt under Section 708(b), the information is not a "public record" and is exempt from disclosure in its entirety. *Department of Health v. Office of Open Records*, 4 A.3d 803, 814-15 (Pa. Cmwlth. 2010). In *Department of Health*, we rejected the OOR's argument that, *in*

---

[11] "In determining whether a record is exempt from access under [Section 708], an agency shall consider and apply each exemption separately." Section 708(e) of the RTKL, 65 P.S. §67.708(e). Various exemptions are based on the consequences of disclosure. *See, e.g.*, Section 708(b)(1), (2), (3), (4), applying to a record, "the disclosure of which . . . ," or "which, if disclosed . . . ." Several exemptions specifically protect the identity of an individual. *See, e.g.,* Section 708(b)(6), (13), (23), (30), applying to "personal identification information," or a record "identifying . . . ." Other exemptions, such as the provision at issue here, apply more broadly and protect from access records "relating to" or "pertaining to" a specific matter. *See, e.g.*, Section 708(b)(16), (17), (18), (28).

*addition to proving that the records requested might be exempt under Section 708*, the state agency was required to make every effort to provide as much information as possible from the records through redaction. *Id.* In that case, the agency relied on Section 706 of the RTKL, which states in relevant part:

> If an agency determines that a *public record . . .* contains information which is subject to access as well as information which is not subject to access, the agency's response shall grant access to the information which is subject to access and deny access to the information which is not subject to access. If the information which is not subject to access is an integral part of the public record, legislative record or financial record and cannot be separated, the agency shall redact from the record the information which is not subject to access, and the response shall grant access to the information which is subject to access. The agency may not deny access to the record if the information which is not subject to access is able to be redacted.

65 P.S. §67.706 (emphasis added). We explained that the agency's reliance on this provision was misplaced; under the plain language of Section 706, the redaction requirement only applies to "public records," and if a record falls within one of the exemptions set forth in Section 708, that record is not a public record as defined by Section 102 of the RTKL. We held that the requested documents, which were exempt under Section 708(b)(17) of the RTKL, 65 P.S. §67.708(b)(17), were excluded from the definition of public record in Section 102, and, as such, were exempt, "in their entirety," from disclosure. *Department of Health*, 4 A.3d at 815-16. *See also Heavens v. Department of Environmental Protection*, 65 A.3d 1069, 1077 (Pa. Cmwlth. 2013) ("records that are exempt under Section 708 or privileged are not considered public records and are therefore not subject to the redaction requirement contained in Section 706, which applies only to records that

11

are public and contain information that is not subject to access"); *Saunders*, 48 A.3d at 543.[12]

Because the requested information is exempt under Section 708(b)(28)(ii)(B), the information is not a "public record," and the record is exempt from disclosure in its entirety. *Department of Health*. Therefore, the OOR erred in ordering the Department to redact the names of workers' compensation claimants and provide all responsive records.

Accordingly, the order of the OOR is reversed.[13]

_____
MICHAEL H. WOJCIK, Judge

---

[12] As we explained in *Saunders*:

> Petitioner's argument that the Department was required to produce the requested records subject to redaction of the exempt information is without merit. *Section 706* provides that if an agency determines that a *public record* contains information that is both subject to disclosure and exempt from the disclosure, the agency shall grant access and redact from the record the information which is subject to disclosure. Pursuant to *Section 706*, the redaction requirement only applies to records that are determined to be "public records." A "public record" is defined in part as "[a] record, including a financial record, of a Commonwealth . . . agency that: (1) *is not exempt* under *section 708*." Section 102, 65 P.S. §67.102 (emphasis added). Thus, a record that falls within one of the exemptions set forth in *Section 708* does not constitute a "public record."

*Id.* at 543 (emphasis in original).

[13] Having determined that the requested records are exempt from disclosure under Section 708(b)(28)(ii)(B) and consequently, are not "public records" as defined by Section 102, we need not address whether the records are exempt under Section 708(b)(5) of the RTKL.

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,      :
Department of Labor and Industry,   : No. 980 C.D. 2015
                              :
               Petitioner   :
                              :
            v.                :
                              :
Kathryn Simpson,           :
                              :
             Respondent  :

## O R D E R

AND NOW, this 30th day of August, 2016, the order of the Office of Open Records is reversed.

MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,   :
Department of Labor and Industry,   :
               Petitioner   :
  :
          v.   :   No. 980 C.D. 2015
  :   Argued: March 9, 2016
Kathryn Simpson,   :
            Respondent   :

BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge

**DISSENTING OPINION**
**BY JUDGE COHN JUBELIRER**         **FILED: August 30, 2016**

I respectfully dissent as I would affirm the Office of Open Records (OOR). The Right-to-Know Law (RTKL)[1] "is remedial legislation designed to promote access to official government information." Levy v. Senate of Pa., 65 A.3d 361, 367 (Pa. 2013). Finding a blanket exemption in RTKL Section 708(b)(28)(ii)(B), 65 P.S. § 67.708(b)(28)(ii)(B), as posited by the majority, is not consistent with this purpose. Moreover, "[a]s the [RTKL] is remedial legislation designed to promote access to official government information in order to prohibit secrets,

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

scrutinize the actions of public officials, and make public officials accountable for their actions, the exemptions from disclosure must be narrowly construed." Bowling v. Office of Open Records, 990 A.2d 813, 824 (Pa. Cmwlth. 2010) (en banc), aff'd, 75 A.3d 453 (Pa. 2013).  Therefore, I would not construe the exemption in Section 708(b)(28)(ii)(B) as broadly as the majority, particularly when it is read in pari materia[2] with the whole of Section 708(b)(28)[3] and with

---

[2] As our Supreme Court stated in Levy:

As with any question of statutory interpretation, our object is to "ascertain and effectuate the intention of the General Assembly" and "if possible, to give effect to all [a statute's] provisions."  1 Pa. C.S. § 1921(a).  "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."  1 Pa. C.S. § 1921(b).  When the statutory language is ambiguous, however, we may ascertain the intention of the General Assembly by considering such things as "[t]he occasion and necessity for the statute," "[t]he mischief to be remedied," "[t]he object to be attained," and "[t]he consequences of a particular interpretation."  1 Pa. C.S. § 1921(c).  In interpreting a statute, we presume that the General Assembly does not intend an absurd result, to violate the Constitution, nor to favor a private interest over the public interest.  1 Pa. C.S. § 1922.  Additionally, we interpret remedial legislation liberally to effect its object and promote justice.  See, e.g., 1 Pa. C.S. § 1928(c).  Statutes and parts of statutes that relate to the same persons or things must be read in pari materia.  1 Pa. C.S. § 1932.

Levy, 65 A.3d at 380.

[3] Section 708(b)(28) exempts from disclosure:

A record or information:
(i) identifying an individual who applies for or receives social services; or
(ii) relating to the following:
(A) the type of social services received by an individual;
(B) an individual's application to receive social services, including a record or information related to an agency decision to grant, deny, reduce or restrict benefits, including a quasi-judicial decision of the agency and the identity of a caregiver or others who provide services to the individual; or
(C) eligibility to receive social services, including the individual's income, assets, physical or mental health, age, disability, family circumstances or record of abuse.

*(Continued…)*

RCJ - 2

other RTKL sections including Section 706, 65 P.S. § 67.706.[4] See, e.g., Pa. State Troopers Ass'n v. Scolforo, 18 A.3d 435 (Pa. Cmwlth. 2011) (supplemental employment records must be disclosed in redacted form as redacted records pose no security risk.)

OOR, in concluding that the records sought in the request[5] contained both public and non-public information subject to redaction, relied on our decision in Housing Authority of the City of Pittsburgh v. Van Osdol, 40 A.3d 209 (Pa. Cmwlth. 2012), in which we narrowly construed the exemption in RTKL Sections 708(b)(28)(i) and 708(b)(28)(ii)(A), 65 P.S. §§ 67.708(b)(28)(i) and 67.708(b)(28)(ii)(A). As we stated in Van Osdol:

> Although the general provisions of the Law must be liberally construed to effect its objects, the exemptions from disclosure under

---

65 P.S. § 67.708(b)(28).

[4] Section 706 provides the following:

706. Redaction

If an agency determines that a public record, legislative record or financial record contains information which is subject to access as well as information which is not subject to access, the agency's response shall grant access to the information which is subject to access and deny access to the information which is not subject to access. If the information which is not subject to access is an integral part of the public record, legislative record or financial record and cannot be separated, the agency shall redact from the record the information which is not subject to access, and the response shall grant access to the information which is subject to access. The agency may not deny access to the record if the information which is not subject to access is able to be redacted. Information which an agency redacts in accordance with this subsection shall be deemed a denial under Chapter 9.

65 P.S. § 67.706.

[5] The Requester sought: 1) the names and addresses of all workers' compensation claimants who have filed claims on or after January 1, 2014; 2) the date of injury; 3) the claim number assigned; and, 4) the name and address of workers' compensation carrier.

Section 708(b) must be narrowly construed. Section 1928(c) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1928(c); Allegheny County Dep't of Admin. Servs. v. A Second Chance, Inc., 13 A.3d 1025 (Pa. Cmwlth. 2011). Van Osdol sought to obtain only the addresses of Section 8 properties and the names of the individuals owning those properties. The requested information does not itself identify individuals who apply for or receive social services or the type of social services received by those individuals. Nor does such information directly identify the name, home address or date of birth of children who are 17 years of age or younger residing in Section 8 properties, or the home address of a law enforcement officer or judge who may own Section 8 properties. When the exemptions under Section 708(b)(6)(i)(C), (28)(i) and (ii)(A) and (30) of the Law are narrowly construed, as we must do, the requested information does not fall within those exemptions.

Van Osdol, 40 A.3d at 215-16.

I believe that the majority's construction of Section 708(b)(28)(ii)(B) and our analysis in Van Osdol represent a distinction without a difference between the RTKL sections analyzed. Indeed, if the exemption in Section 708(b)(28)(ii)(B) is as broad as posited by the majority, it would appear that Van Osdol effectively is overruled.

Because the majority construed Section 708(b)(28)(ii)(B) as providing a blanket exemption, there was no need to evaluate the evidence presented by the Department. However, because I disagree with this interpretation, I would evaluate the evidence presented, and, as OOR pointed out, the Department failed to produce *any* evidence tying the requested items to the exemption instead relying only on legal argument. Without evidence to the contrary, it would appear that the addresses sought would not be exempt under Van Osdol, and that the date of injury, claim number and address of the carrier also would appear not to be exempt as we have no affidavits or other evidence tying this information to the two

RCJ - 4

sections under which the Department asserted the exemption.  For these reasons, I respectfully dissent and would affirm OOR.

_____
**RENÉE COHN JUBELIRER,** Judge