IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Broomall Operating Company, LP     :
d/b/a Broomall Rehabilitation and     :
Nursing Center,     :
          Petitioner     :
    :
        v.     :
    :
William Murray,     :    No. 1685 C.D. 2017
          Respondent     :    Argued: November 13, 2018


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: December 14, 2018


        Broomall Operating Company, LP d/b/a Broomall Rehabilitation and Nursing Center (Broomall) petitions for review of the portion of the October 17, 2017 final determination of the Pennsylvania Office of Open Records (OOR), which concluded that the appeal submitted by William Murray (Murray) satisfied Section 1101(a)(1) of the Right-to-Know Law (RTKL),[1] 65 P.S. § 67.1101(a)(1), and that neither the Pennsylvania Department of Health (DOH) nor Broomall had established that the withheld records are exempt as confidential proprietary information under Section 708(b)(11) of the RTKL, 65 P.S. § 67.708(b)(11). Petition for Review at 7; Reproduced Record (R.R.) at 527a-28a & 537a. Broomall requests that this Court

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

reverse the final determination of the OOR and find in accordance with DOH's decision to withhold the disputed documents.[2] Petition for Review at 9. Upon review, we affirm.

On November 21, 2013, Broomall submitted a nursing home license application to DOH, seeking to change ownership of the entity to Broomall Operating Company, LP. R.R. at 230a. On December 7, 2016, Murray, an attorney prosecuting two pending personal injury lawsuits against Broomall in the Court of Common Pleas for Delaware County, Pennsylvania, submitted a records request to DOH under the RTKL. R.R. at 10a; Broomall's Petition for Review at 2, ¶ 3. Murray's request sought, in relevant part, the following:

> [Item No. 2] A copy of all correspondence by and between [DOH] and the Facility[3] (and/or the Facility's owners, agents, and/or attorneys), including all attachments thereto, pertaining to changes in the Facility's ownership during the period of January 1, 2010 through and including the present.

> [Item No. 3] A copy of all agreements and contracts (including but not limited to management agreements, operations transfer agreements, lease agreements, administrative services agreements, settlement

---

[2] DOH filed an *amicus curiae* brief in support of Broomall, arguing that the OOR's final determination "requires disclosure of . . . confidential proprietary information" and asserting its concern that "[i]f the OOR's decision stands, applicants will fear that the information and documentation requested will be released in response to Right to Know Law (RTKL) requests" and "will withhold information that is vital for [DOH] to determine whether the applicant can be entrusted with a license, thereby jeopardizing [DOH's] entire health facility licensure process." Brief of *Amicus Curiae* Pennsylvania Department of Health at 4.

[3] In his request, Murray specified that the "Facility" refers to both THI of Pennsylvania at Broomall, LLC, d/b/a Broomall Rehabilitation and Nursing Center and Broomall Operating Company, LP, d/b/a Broomall Rehabilitation and Nursing Center. R.R. at 11a.

agreements, and other contracts of any kind) supplied to [DOH] by the Facility (and/or the Facility's owners, agents, and/or attorneys), including all attachments thereto, during the period of January 1, 2010 through and including the present.

[Item No. 4] A copy of all correspondence received by [DOH] from the Facility (and/or the Facility's owners, agents, and/or attorney), including all attachments thereto, and which pertain to the period of January 1, 2010 through and including the present.[4]

R.R. at 11a. Broomall avers that the contested records "comprise a single document, that only DOH and Broomall possess, containing detailed information about the structure, management and operations of [Broomall] and its affiliates nationwide," which Broomall refers to as the "Submission" (Submission). Broomall's Brief at 6 (citing R.R. at 492a). Broomall provided the Submission to DOH in 2013 in response to a ten-point questionnaire as part of its health care facility license application, which was necessitated by a change in ownership of the facility. Petition for Review at 3-4, ¶ 5; *see also* R.R. at 275a. By letter dated January 13, 2017, DOH granted in part and denied in part Murray's request. R.R. at 18a. DOH disclosed records responsive to Items Nos. 2, 3 and 4 of Murray's request, subject to certain redactions and exemptions from disclosure under the RTKL. *Id.* DOH redacted certain information, including individual home addresses, signatures, email addresses, and Medicaid/Medicare provider numbers pursuant to Section 708(b)(1)(ii), (b)(5) and (b)(6) of the RTKL. *Id.* DOH also withheld certain

---

[4] Item No. 1 requested "[a] copy of the checks submitted to [DOH] by or on behalf of the Facility for payment of the Facility's licensure fees during the period of January 1, 2010 through and including the present." R.R. at 11a. DOH denied this request, because it could locate "no records responsive to this portion of [the] request in its possession, in its custody or under its control." R.R. at 19a; *see also* R.R. at 148a-49a.

documents as confidential and proprietary to Broomall pursuant to Section 708(b)(11) of the RTKL. R.R. at 19a. In its letter, DOH instructed Murray that an appeal should include "[t]he reason why the agency is wrong in its reasons for saying that the information redacted or withheld is not public (a statement that addresses any ground stated by the agency for the denial)." *Id.*

On January 25, 2017, Murray appealed DOH's decision to the OOR. R.R. at 4a-5a. Among other things, Murray argued that DOH improperly withheld documents that are neither confidential nor proprietary under Section 708(b)(11) of the RTKL; that DOH "failed to provide *any* factual or legal support for denying access to the responsive records," such that DOH failed to meet its burden to establish that the records are exempt from disclosure; and that the withheld records constitute financial records to which the Section 708(b)(11) exemption does not apply.[5] R.R. at 4a-5a (emphasis in original).

On February 15, 2017, Broomall submitted a request to participate in the appeal pursuant to Section 1101(c)(1) of the RTKL,[6] which the OOR granted. R.R. at 523a. DOH filed its response on February 17, 2017, which included an exemption log identifying the documents it withheld and the basis for withholding

---

[5] Regarding this last argument, the OOR determined that the withheld records do not constitute financial records under the RTKL, and Murray does not contest this portion of the OOR's final determination on appeal to this Court. R.R. at 533a.

[6] Section 1101(c)(1) of the RTKL provides:

A person other than the agency or requester with a direct interest in the record subject to an appeal under this section may, within 15 days following receipt of actual knowledge of the appeal but no later than the date the appeals officer issues an order, file a written request to provide information or to appear before the appeals officer or to file information in support of the requester's or agency's position.

65 P.S. § 67.1101(c)(1).

4

them.  R.R. at 59a-63a, 127a-36a, 187a-89a & 254a-56a.  On March 10, 2017, Broomall submitted a position statement, arguing that the requested records are exempt from disclosure pursuant to Section 708(b)(11) and that Murray's appeal was procedurally deficient under Section 1101(a) of the RTKL.  R.R. at 523a-24a. Broomall submitted with its position statement the sworn attestations of Annaliese N. Impink, who had supervised the filing of Broomall's 2013 licensure application, and Leon E. LeBreton, Chief Executive Officer of the Lancaster Group, LLC, which provides consulting services to long-term care providers.  R.R. at 194a & 200a.  Both Impink and LeBreton had reviewed the withheld documents.  R.R. at 194a & 201a. Impink attested to the unique nature of Broomall's Submission and her opinion that it contained confidential information.  LeBreton provided an "expert attestation" regarding the competitive nature of Broomall's local market and his opinion that Broomall would suffer substantial injury if the requested records became publicly accessible.  R.R. at 201a-02a; *see also* Broomall's Brief at 8.  On March 14, 2017, Murray requested permission to reply to the responses submitted by DOH and Broomall, which he claimed "introduced additional—and previously undisclosed— material into the record for the first time," specifically referencing the exemption log and attestations.  R.R. at 226a-27a.  The OOR granted Murray's request.  R.R. at 228a.  On March 24, 2017, Murray submitted a reply, contending that his appeal to the OOR was adequate under Section 1101(a) of the RTKL and that DOH improperly withheld documents that are neither confidential nor proprietary.  R.R. at 231a-34a.  Neither Broomall nor Murray requested a hearing before the OOR. R.R. at 526a.

The OOR issued its final determination on October 17, 2017.  R.R. at 521a-45a.  The OOR determined that Murray's appeal was sufficient under Section

1101(a)(1) of the RTKL. R.R. at 527a-28a. The OOR also found that "neither [DOH] nor [Broomall] has proven that the withheld records are exempt under Section 708(b)(11)" for containing confidential proprietary information. R.R. at 533a-37a. The OOR determined that DOH failed to meet its burden to prove that the requested records were exempt from disclosure, because the attestations provided by Broomall were premised upon conclusory statements. R.R. at 537a. Broomall then filed a petition for review with this Court.[7]

We begin with an overview of the RTKL. "The objective of . . . [this] [l]aw . . . is to empower citizens by affording them access to information concerning the activities of their government." *SWB Yankees L.L.C. v. Wintermantel*, 45 A.3d 1029, 1042 (Pa. 2012). Further, the RTKL is remedial in nature and is "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials and make public officials accountable for their actions." *Pa. Dep't of Educ. v. Bagwell,* 114 A.3d 1113, 1122 (Pa. Cmwlth. 2015) (citation omitted). "[C]ourts should liberally construe the RTKL to effectuate its purpose of promoting 'access to official government information in order to prohibit secrets, scrutinize actions of public officials, and make public officials accountable for their actions.'" *Barnett v. Pa. Dep't of Pub. Welfare*, 71 A.3d 399, 403 (Pa. Cmwlth. 2013). "Consistent with the RTKL's goal of promoting

---

[7] Broomall participated in the proceedings before the OOR as a direct-interest participant. *See* Section 1101(c) of the RTKL, 65 P.S. § 67.1101(c). A third party with a direct interest in the requested records may appeal an OOR final determination to the Commonwealth Court when it has "an independent basis under due process, outside the provisions of the RTKL, to preserve its property interest in protecting the disclosure of its . . . confidential proprietary information . . . . However, that right is limited to the independent basis for appeal relating to those direct identifiable property interests." *W. Chester Univ. of Pa. v. Schackner*, 124 A.3d 382, 391 (Pa. Cmwlth. 2015).

6

government transparency and its remedial nature, the exceptions to disclosure of public records must be narrowly construed." *Bagwell,* 114 A.3d at 1122.

Pursuant to Section 1101(a)(1) of the RTKL:

> [i]f a written request for access to a record is denied or deemed denied, the requester may file an appeal with the Office of Open Records or judicial, legislative or other appeals officer designated under section 503(d) within 15 business days of the mailing date of the agency's response or within 15 business days of a deemed denial. The appeal shall state the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and shall address any grounds stated by the agency for delaying or denying the request.

65 P.S. § 67.1101(a)(1).

Before this Court,[8] Broomall argues that the OOR should have dismissed Murray's appeal for failure to comply with Section 1101(a)(1) of the RTKL. Broomall's Brief at 15. Broomall further asserts that the OOR erred in concluding that Broomall failed to establish that the Submission constitutes confidential proprietary information pursuant to Section 708(b)(11) of the RTKL. *Id.* at 23.

In support of its first argument regarding the sufficiency of Murray's appeal, Broomall argues that "[u]nder RTKL § 1101(a)(1), the OOR may not consider an objection to the denial of a records request unless the objection is stated in the requester's appeal." Broomall's Brief at 15 (citing *Padgett v. Pa. State Police*, 73 A.3d 644, 647 (Pa. Cmwlth. 2013)). Broomall asserts that "[t]he purpose of RTKL § 1101(a)(1) is to give an agency the opportunity to correct errors identified

---

[8] "This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary." *Hunsicker v. Pa. State Police*, 93 A.3d 911, 913 n.7 (Pa. Cmwlth. 2014).

by the requester in the agency's denial decision before any further appeal is needed. . . . Thus, an appeal that fails to specify the reasons for appeal should be dismissed and not addressed by the OOR." *Id.* Broomall contends that Murray could not satisfy RTKL Section 1101(a)(1) merely by checking a box on the OOR Appeal Form, which stated that the records "are not protected by any exemptions under Section 708 of the [RTKL]." *Id.* at 18 (quoting R.R. at 3a). Broomall further argues that because Murray did not claim that the records were not confidential proprietary information, he "failed to preserve—and thus waived—any objection to DOH's decision." *Id.*

Murray argues that his appeal to the OOR was sufficient, because Section 1101(a)(1) does not require a requester to "prove anything," but instead "merely places a burden on a requester to *identify* flaws in an agency's decision denying a request." Murray's Brief at 15 (quoting *Barnett*, 71 A.3d at 404 (emphasis in original) (internal quotation marks omitted)). Murray asserts that to find otherwise "would impose an extreme burden on requestors [sic] that is not contemplated by the RTKL or our Supreme Court's precedent." Murray's Brief at 18 (citing *Levy v. Senate of Pa.*, 65 A.3d 361, 381 (Pa. 2013) ("Section 708 places the burden of proving an exception squarely on the agency by a preponderance of the evidence.")). Further, Murray contends that DOH "simply stated that it 'withheld documents that are confidential and proprietary to [Broomall],'" and that this "cursory denial" was "all [he] had to work with." Broomall's Brief at 17 (quoting R.R. at 19a). Murray points out that, following his appeal to the OOR, the OOR asked DOH twice to identify which of the four record requests to which the withheld records were responsive. Murray's Brief at 17. The OOR also ordered DOH to produce an exemption log containing descriptions of the records made from

8

persons with actual knowledge of their contents. Murray's Brief at 18 (citing R.R. at 418a). Murray contends that, "[g]iven these circumstances, it is unclear what more [he] could have done to identify the flaws in [DOH's] decision at the time of the appeal." Murray's Brief at 18.

Broomall counters that DOH's decision to deny disclosure of the requested records "was sufficient to give Murray notice of the basis of the denial." Broomall's Brief at 17. Citing *Saunders v. Department of Corrections*, 48 A.3d 540 (Pa. Cmwlth. 2012), Broomall argues that on appeal to the OOR, Murray was required to state why the requested records were not exempt under Section 708(b)(11). Broomall's Brief at 18.

In *Saunders*, this Court affirmed the OOR's dismissal of petitioner's appeal from a partial denial of his records request. 48 A.3d at 542. The petitioner had argued that the OOR erred in dismissing his appeal, because "the Department [of Corrections (DOC)] failed to produce facts sufficient to rebut the presumption that the records in its possession [were] public records and failed to meet its burden to prove that the requested records [were] exempt from disclosure." *Id.* at 542. The petitioner also argued that because DOC "failed to provide a description of the records requested, he was unable to formulate sufficiently specific objections to [DOC's] denial." *Id.* at 543 n.4. However, we deemed this argument waived for failure to raise it in the appeal to the OOR. *Id. (*citing *Fort Cherry Sch. Dist. v. Coppola,* 37 A.3d 1259 (Pa. Cmwlth. 2012)). We also held that DOC's recitation of the relevant subsections of RTKL Section 708 was "sufficient to give [petitioner] notice of the grounds for denial." *Id.* at 542. "Once [DOC] asserted that the requested records were exempt from disclosure under Section 708, [p]etitioner was

9

required by Section 1101 to state why the records did not fall under the asserted exemptions and, thus, were public records subject to access." *Id.* at 542-43.

Murray contends that "[DOH's] cursory denial, which was not supported by any rationale . . . was all [he] had to work with" on appeal to the OOR. Murray's Brief at 17. Unlike the petitioner in *Saunders*, Murray challenged the sufficiency of the denial of his records request in his appeal to the OOR and, thus, preserved it for consideration before this Court. R.R. at 5a.[9] However, we are guided by *Saunders* to find that DOH's response provided Murray with adequate notice of the grounds for denial by quoting the relevant portion of the RTKL—Section 708(b)(11). *See* R.R. at 19a. Further, in light of *Saunders*, we find that Murray's appeal to the OOR complied with Section 1101(a)(1) of the RTKL. Unlike the *Saunders* petitioner, who merely alleged that DOC failed to meet its burden that the withheld records were exempt from disclosure, Murray cited to the particular exemption claimed by DOH—Section 708(b)(11)—and asserted that DOH improperly withheld documents that are neither confidential nor proprietary. R.R. at 5a. Murray also argued that the Section 708(b)(11) exemption could not apply, because the withheld records constitute financial records pursuant to Section 708(c).[10] Thus, Murray satisfied the appeal requirements of Section 1101(a)(1) by addressing DOH's grounds for denying his request and stating the grounds upon which he asserts that the withheld records are not exempt from disclosure.

This conclusion is in accord with other precedent from this Court. In *Barnett*, 71 A.3d at 405-06, we held:

---

[9] In his appeal to the OOR, Murray argued that "[DOH] failed to support its denial with any factual or legal support." R.R. at 5a.

[10] "The exceptions set forth in subsection (b) shall not apply to financial records, except that an agency may redact that portion of a financial record protected under subsection (b)(1), (2), (3), (4), (5), (6), (16) or (17)." 65 P.S. § 67.708(c).

> [r]equester's OOR Appeal [did] address the reasons given by [the Department of Public Welfare] in denying his RTKL Request, and include[d] his arguments as to why those reasons are flawed. . . . Although Requester [did] not discuss any specific subsections of Section 708(b) of the RTKL, this [did] not render the OOR Appeal deficient. Requester's statement in his OOR Appeal that the records are public records that "do not qualify for any exemptions under [S]ection 708, are not protected by privilege, and are not exempted under any Federal or State law or regulation," [was] sufficient under these circumstances.

Broomall contends that "*Barnett* is inapposite because Murray's appeal did *not* address or dispute the reasons given by DOH for denying his Request pursuant to RTKL § 708(b)(11)." Broomall's Brief at 19 (citing R.R. at 5a-6a) (emphasis in original). We disagree. A requester appealing to the OOR is not required "to *prove* anything;" rather, Section 1101(a)(1) "merely places a burden on a requester to *identify* flaws in an agency's decision denying a request." *Dep't of Corrections v. Office of Open Records*, 18 A.3d 429, 434 (Pa. Cmwlth. 2011) (emphasis in original). Further, a requester's appeal need only be "minimally sufficient" in order to warrant review by the OOR. *Padgett*, 73 A.3d at 647. Thus, we find that Murray's appeal of DOH's denial to the OOR complied with Section 1101(a)(1) of the RTKL.

Broomall next argues that, "[o]n the merits, the OOR erred in concluding that Broomall failed to show that the Submission is confidential proprietary information." Broomall's Brief at 23.

Records in the possession of a Commonwealth agency are presumed to be public unless they are exempt under Section 708 of the RTKL, protected by a privilege, or exempt from disclosure under any other federal or state law or judicial order or decree. Section 305(a) of the RTKL, 65 P.S. § 67.305(a). "The burden of

11

proving that a record of a Commonwealth agency or local agency is exempt from public access shall be on the Commonwealth agency or local agency receiving a request by a preponderance of the evidence." 65 P.S. § 67.708(a)(1). In addition, a direct-interest participant asserting a record is exempt from disclosure bears the burden of proving the exemption applies. *See, e.g.*, *Global Tel\*Link Corp. v. Wright*, 147 A.3d 978 (Pa. Cmwlth. 2016) (holding that a third party provided evidence sufficient to establish that an exemption under Section 708 of the RTKL precluded disclosure of certain information provided to an agency). "A preponderance of the evidence standard, the lowest evidentiary standard, is tantamount to 'a more likely than not' inquiry." *W. Chester Univ. of Pa. v. Schackner*, 124 A.3d 382, 393 (Pa. Cmwlth. 2015). The burden of establishing an exemption under RTKL Section 708 may be met "through an unsworn attestation or a sworn affidavit." *Global Tel\*Link Corp.*, 147 A.3d at 980. "However, conclusory statements are not sufficient to justify an exemption of public records." *Office of Governor v. Scolforo,* 65 A.3d 1095, 1103–04 (Pa. Cmwlth. 2013). "The evidence must be specific enough to permit this Court to ascertain how disclosure of the entries would reflect that the records sought fall within the proffered exemptions." *See Carey v. Dep't of Corr.,* 61 A.3d 367, 375–79 (Pa. Cmwlth. 2013).

Section 708(b)(11) of the RTKL exempts from disclosure "[a] record that constitutes or reveals a trade secret or confidential proprietary information." 65 P.S. § 67.708(b)(11). Section 102 defines "confidential proprietary information" as

> [c]ommercial or financial information received by an agency:
>
> (i) which is privileged or confidential; and

12

> (ii) the disclosure of which would cause substantial harm to the competitive position of the person that submitted the information.

65 P.S. § 67.102. "In determining whether disclosure of confidential information will cause 'substantial harm to the competitive position' of the person from whom the information was obtained, an entity needs to show: (1) actual competition in the relevant market; and, (2) a likelihood of substantial injury if the information were released." *Dep't of Corr. v. Maulsby*, 121 A.3d 585, 590 (Pa. Cmwlth. 2015). Additionally, "[c]ompetitive harm analysis 'is limited to harm flowing from the affirmative use of proprietary information by competitors. Competitive harm should not be taken to mean simply any injury to competitive position.'" *Id.* (citing *Watkins v. U.S. Bureau of Customs,* 643 F.3d 1189, 1194 (9th Cir. 2011)).

In order to establish that the withheld records constituted confidential proprietary information under the RTKL, Broomall submitted the attestation of Annaliese N. Impink.[11] Impink attested, in relevant part:

> 2. In 2013, I was Senior Vice President and Chief Operations Counsel for SavaSeniorCare Consulting, LLC. In that role, I supervised SavaSeniorCare Consulting, LLC employees and external counsel who were responsible for preparing and filing, on behalf of [Broomall], a 2013 application for licensure as a result of a change in ownership with the Pennsylvania Department of Health's Division of Nursing Care Facilities ("DOH").
>
> 3. I have reviewed documents that DOH has withheld from disclosure in the above-reference [sic] proceeding under

---

[11] Impink's attestation contained the following statement: "I understand that the statements in this Attestation are subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities, which provides that if I knowingly make false statements, I may be subject to criminal penalties." R.R. at 195a.

13

Pennsylvania's Right-to-Know-Law [sic] that are bates stamped WM APP 60 to WM APP 149 ("Submission"). These documents were submitted by [Broomall] to DOH in response to DOH's request for additional information in connection with its consideration of [Broomall's] licensure application.

4. The Submission is unique because it was prepared exclusively for the purpose of supporting [Broomall's] licensure application to DOH, and because it consists of a composite of detailed business information regarding [Broomall] and other affiliated entities that is available only in the Submission and is not readily obtainable from other sources.

5. The Submission is treated as confidential and is not accessible to the public.

R.R. at 194a. The OOR determined that Impink's attestation was conclusory, in that she "generally attest[ed] that the withheld records are 'treated as confidential and [are] not accessible to the public.'" R.R. at 537a. "While [Broomall] considers the withheld records confidential, [Broomall] does not address the efforts it took to maintain secrecy of the withheld records, such as whether its officers, directors and key employees are permitted to disclose their own biographical information to third parties." R.R. at 537a.

Broomall argues that the OOR erred in finding that Impink's attestation did not establish the Submission's confidentiality. Broomall's Brief at 24-25. Broomall contends that "Impink's averment that '[t]he Submission is treated as confidential and is not accessible to the public' . . . amply showed the Submission is confidential." Broomall's Brief at 26 (quoting R.R. at 194a). Broomall further asserts that the OOR "ignored specific facts in Impink's attestation establishing the

14

Submission's confidentiality." Broomall's Brief at 25. Broomall points out that Impink attested that the "Submission is unique because it was prepared *exclusively* for the purpose of supporting [Broomall's] licensure application to DOH." Broomall's Brief at 25 (quoting R.R. at 194a, ¶ 4) (emphasis in original). Thus, Broomall asserts that "Impink established the Submission's secrecy because the Submission is a one-of-a-kind document that was prepared for one purpose and was submitted only to DOH." Broomall's Brief at 25. Broomall also contends that Impink supported her opinion that the Submission is unique by stating that it is a "composite of detailed business information regarding [Broomall] and other affiliated entities that is available only in the Submission and is not readily obtainable from other sources." Broomall's Brief at 25 (quoting R.R. at 194a, ¶ 4).

Murray counters that Broomall failed to satisfy its burden to prove that the requested documents are exempt from disclosure as confidential proprietary information pursuant to Section 708(b)(11) of the RTKL. Murray's Brief at 19. Murray contends that when considering whether records are confidential for purposes of this exemption, courts look to "the efforts the parties undertook to maintain their secrecy." Murray's Brief at 19 (quoting *Commonwealth v. Eiseman*, 85 A.3d 1117, 1128 (Pa. Cmwlth. 2014), *rev'd on other grounds*, 125 A.3d 19 (Pa. 2015)). Murray asserts that Impink's attestation does not address any efforts Broomall may have taken to maintain the secrecy of the requested records, but rather provides "a general proclamation that the Submission is "treated as confidential" and is "not accessible to the public." Murray's Brief at 20 (quoting R.R. at 194a). Murray also contends that Impink did not "explain who has access to the records or whether they are permitted to disclose their contents to third parties." Murray's Brief at 20. Murray argues that the OOR correctly determined that such statements are

15

conclusory and, thus, fail to establish applicability of the Section 708(b)(11) exemption. Murray's Brief at 20.

We agree with the OOR that Broomall has failed to meet its burden to establish that the Submission is exempt from disclosure as confidential proprietary information under the RTKL. Here, Broomall proffers Impink's attestation that the Submission was a unique document prepared exclusively for DOH as evidence of its confidentiality for purposes of the Section 708(b)(11) exemption. Broomall's Brief at 25.[12] However, merely pointing out that the document was unique because it was prepared solely for DOH does not establish whether the information therein is confidential for purposes of the exemption. Impink does attest that "[t]he Submission is treated as confidential and is not accessible to the public." R.R. at 194a. Although Broomall is only required to establish the claimed exemption by a preponderance of the evidence, absent further specifics, such a conclusory statement cannot carry even this low burden. An affidavit or attestation cannot merely "track[] the language of the [exemption] it presupposes," but must prove the exemption "with sufficient detail." *Scolforo*, 65 A.3d at 1104 ("Because this Affidavit is not detailed, but rather conclusory, . . . it is not sufficient, standing alone, to prove that the [requested records] are exempt from disclosure."); *see, e.g., Smith v. Pa. Dep't of Envtl. Prot.*, 161 A.3d 1049, 1056-57 (Pa. Cmwlth. 2017) (affidavit provided by company outlining specific and extensive measures implemented to preserve secrecy of information sufficed to establish its confidentiality for purposes of Section 708(b)(11)); *Giurintano v. Dep't of Gen. Servs.*, 20 A.3d 613 (Pa. Cmwlth. 2011)

---

[12] At oral argument, Broomall's counsel requested, and the Court granted, leave to further examine the Reproduced Record to locate evidence that Broomall had attempted to preserve the confidentiality of the withheld records. Broomall filed a letter with the Court on November 15, 2018, two days after argument. However, Broomall failed to provide the sought-after evidence and, apart from asserting that the RTKL did not require marking the pages of the Submission confidential, largely reiterated the arguments from its brief.

16

(affidavit provided by company detailing efforts to safeguard information sufficed to prove its confidentiality under Section 708(b)(11)).

Because Broomall has failed to establish the first element of the Section 708(b)(11) exemption, it is clear that the Submission does not constitute confidential proprietary information. Thus, we need not discuss the second element, pertaining to whether disclosure would cause substantial harm to the competitive position of the person that submitted the information.

Accordingly, for the foregoing reasons, we affirm the OOR's determination that Murray's appeal satisfied Section 1101(a)(1) of the RTKL and that Broomall failed to establish that the Submission constituted confidential proprietary information exempt from disclosure under Section 708(b)(11) of the RTKL.[13]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[13] Broomall also contends that, assuming *arguendo* the Submission is a public record, the OOR erred in failing to require the redaction of certain information pursuant to Section 706 of the RTKL, which provides that "agenc[ies] shall redact from the record the information which is not subject to access . . . ." 65 P.S. § 67.706. *See also* Broomall's Brief at 4, 27-28. However, because Broomall did not establish that *any* portion of the Submission is exempt from disclosure, this argument fails. Further, apart from vaguely alluding to the Section 708(b)(11) exemption, Broomall fails to specify any RTKL exemption, privilege, or other reason to support its claim that certain portions of the Submission were not subject to access and, thus, required redaction.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Broomall Operating Company, LP    :
d/b/a Broomall Rehabilitation and    :
Nursing Center,    :
          Petitioner    :
    :
       v.    :
    :
William Murray,    :   No. 1685 C.D. 2017
          Respondent    :

## O R D E R

AND NOW, this 14th day of December, 2018, the October 17, 2017 final determination of the Office of Open Records is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge