**Lynn A. PADGETT, Petitioner**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 26, 2013.

Decided May 22, 2013.

Publication Ordered Aug. 7, 2013.

OPINION BY Judge SIMPSON.

Lynn A. Padgett (Requester), representing himself, appeals from the Office of Open Records' (OOR) final determination that dismissed his appeal from the Pennsylvania State Police's (PSP) denial of his request seeking a police report and related records under the Right–to–Know Law (RTKL).[1] The OOR dismissed Requester's appeal for non-compliance with the statutory requirements in Section 1101(a) of the RTKL, 65 P.S. § 67.1101(a) (filing appeal). Upon review, we affirm.

Requester submitted a request to PSP seeking the following:

1. Rights, Warning and Waiver form signed 10/29/1997;

2. Williamsport Police report submitted to Trooper James Petti on October 31, 1997, by Sgt. Stage;

3. PSP Incident report # P–5369942;

4. Trip tickets from public carriers such as Grayhound [sic]/ Trailways; Continental Trailways; and Susquehanna Trailways.

5. [skipped]

6. Fax No. 260, dated December 11, 1997, pg. 3 only;

7. All correspondence to Detective Paul Kwaitkowski, Nashville Metropolitan Police between October 29, 1997, and June 31, 1998;

8. All correspondence from Det. Kwaitkowski during the time period listed in No. 7;

9. Storage receipts for Priest Lake Self Storage, or U.S.A. Storage, Nashville, TN.

(Request). *See* Certified Record (C.R.), Item No. 1. He advised the records "related to Bradford County cases 97–CR–768, and 97–CR–000888." *Id.*

Lynn A. Padgett, pro se.

Bryan M. Schwartz, Assistant Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

PSP responded, identifying records responsive to parts 1 and 2 of the Request as within its possession. PSP disclosed the records sought in part 1. As to part 2, PSP advised the police report is part of its incident report, sought in part 3. PSP denied access to these records, asserting the Criminal Investigative exception of the RTKL, Section 708(b)(16), 65 P.S. § 67.708(b)(16), and the Criminal History Record Information Act (CHRIA), 18 Pa. C.S. §§ 9101–9183, since the records relate to a criminal investigation. In addition, as to certain contents of the records comprising the police report, PSP asserted the following RTKL exceptions: Section 708(b)(5), 65 P.S. § 67.708(b)(5), regarding medical records, Section 708(b)(6), 65 P.S. § 67.708(b)(6), regarding personal identification information, and Section 708(b)(30), 65 P.S. § 67.708(b)(30), regarding information of a minor.

PSP submitted a verification of its Deputy Open Records Officer supporting the claimed exemptions. The Deputy Open Records Officer also confirmed non-existence of records responsive to parts 4, 6, 7, 8 and 9 of the Request.

Requester appealed to the OOR, claiming the denial of the police report (part 2) and bus ticket receipts (part 4) violates his rights to due process and equal protection assured by the Fourteenth Amendment to the United States Constitution. Requester acknowledged the records relate to a criminal investigation that led to his arrest, and contended the withholding of this information prevented him from receiving a fair trial.

Specifically, in his appeal to the OOR, Requester stated "[t]he Williamsport Police report is not protected by the [RTKL] exemptions." See C.R., Item No. 1, (OOR Appeal, 11/8/12, at 1). He explained the Williamsport Police report is exculpatory evidence in his criminal proceeding. He further advised that he has the name and date of birth of his niece, the victim of the crime, and therefore the minor information exception does not apply.

Significant to our analysis, Requester did not explain the public nature of the records, or claim the records are public. He also did not address PSP's reasons for withholding the records in its possession under the criminal investigative exception or CHRIA.

In a single-page final determination, the OOR dismissed Requester's appeal. In the final determination, which included a series of boxes next to preprinted grounds for dismissal,[2] the appeals officer checked the box for failing to address agency grounds for denial, and next to the box for "other" stated "[a]ppeal fails to address denials under Section 708(b)" of the RTKL. See C.R., Item No. 2.

Requester appealed the OOR's dismissal to this Court.[3] The only issue before us is the legal sufficiency of Requester's appeal to the OOR. Therefore,

---

2. An appeals officer need only "provide a written explanation of the reason for the decision." Section 1101(b)(3) of the RTKL, 65 P.S. § 67.1101(b)(3). Although unlike most final determinations we see on appeal, a "check the box" final determination suffices.

3. For a question of law under the RTKL, our scope of review is plenary. Dep't of Corr. v. Office of Open Records, 18 A.3d 429 (Pa. Cmwlth.2011). In reviewing a final determination of the OOR involving a Commonwealth agency, this Court "independently reviews the OOR's orders and may substitute its own findings of facts for [those] of the agency." Bowling v. Office of Open Records, 990 A.2d 813, 818 (Pa.Cmwlth.2010), appeal granted in part, 609 Pa. 265, 15 A.3d 427 (2011). We are not limited to the rationale offered in the OOR's decision, and we may take additional evidence in order to ensure a record sufficient for adequate appellate review. Id.

we need not reach the public nature of the records requested.

■ Pursuant to Section 1101(a) of the RTKL, "[t]he appeal shall state the grounds upon which the requester asserts that the record is a public record ... and shall address any grounds stated by the agency for delaying or denying the request." 65 P.S. § 67.1101(a). When a requester fails to state the records sought are public, or fails to address an agency's grounds for denial, the OOR properly dismisses the appeal. *See Saunders v. Dep't of Corr.*, 48 A.3d 540 (Pa.Cmwlth.2012) (affirming OOR dismissal); *Dep't of Corr. v. Office of Open Records*, 18 A.3d 429 (Pa.Cmwlth.2011) (holding an appeal that fails to sufficiently specify the reasons for appeal should be dismissed rather than addressed by OOR).

In *Department of Corrections*, we outlined the sufficiency requirements for an appeal under Section 1101(a) of the RTKL. At a minimum, a requester's appeal "must address any grounds stated by the agency ... for denying the request." *Dep't of Corr.*, 18 A.3d at 434. We reasoned a minimally sufficient appeal is a condition precedent for OOR to consider a requester's challenge to an agency denial.

More recently, in *Saunders*, we explained Section 1101(a) of the RTKL requires a requester "to state why the records did not fall under the asserted exemptions and, thus, were public records subject to access." *Id.* at 543 (agency's citation to various subsections of the RTKL, without explanation or application of exceptions, triggers requester's burden to address exemption). Because Saunders failed to address the

exemptions, we affirmed OOR's dismissal of the appeal.

In this case, Requester did not state the records are public, or address the exemptions PSP cited in its response and verification. Requester stated merely that the RTKL exceptions do not apply without further explication.[4] That does not satisfy the requirements of Section 1101(a) as we interpret that provision. *Id.*

Requester also did not address the agency's cited exemptions pertaining to the police report. Most notably, Requester did not discuss CHRIA, which pertains to criminal records. In fact, when he explained the reason he sought the records, Requester described them as criminal investigation records.

■ Requester emphasized he is entitled to the records as a party involved in the criminal investigation to which his Request relates. However, a requester's motivation for making a request is not relevant, and his intended use for the information may not be grounds for denial. *See* Section 301(b) of the RTKL, 65 P.S. § 67.301(b); Section 703 of the RTKL, 65 P.S. § 67.703. An explanation of why a requester believes an agency should disclose records to him does not satisfy the requirement in Section 1101(a) to explain why the requested records are public and available to everyone. To the contrary, Requester's explanation underscores PSP's criminal investigative defenses here.

■ We make no decision regarding Requester's alleged entitlement to the records under an alternate legal mechanism. Entitlement does not arise under the RTKL through which citizens have a right

---

4. Arguably, Requester addressed PSP's assertion of Section 708(b)(30) of the RTKL as to minor information. He stated that the "police report was withheld because it contained name and other information of a minor is not acceptable" because he already had the information of the victim, his niece, and his niece is no longer a minor. However, that does not satisfy the mandatory criteria in Section 1101(a) to explain why the records are public.

to access public records "open to the entire public at large." *See, e.g., Coulter v. Pa. Bd. of Prob. & Parole,* 48 A.3d 516, 519 (Pa.Cmwlth.2012) ("home plans" of parolee requester are not accessible to her under RTKL though she is subject of records; to be accessible under the RTKL, identity of the requester is irrelevant).

As we hold Requester's appeal is legally insufficient, we affirm the OOR's final determination dismissing it.[5]

## ORDER

**AND NOW,** this 22nd day of May, 2013, the final determination of the Office of Open Records is **AFFIRMED.**

---

**5.** PSP contends it is not the proper respondent in this matter because the OOR's dismissal of the appeal implicates OOR's action, not its own. Instead, PSP argues, the OOR is the proper respondent and should defend its dismissal. We disagree. This Court has held the OOR is a disinterested party as to the content of its final determinations, and does not have standing to participate. *See Pa. State Police v. Office of Open Records,* 5 A.3d 473 (Pa.Cmwlth.2010) (following *Stroudsburg Univ. Found. v. Office of Open Records,* 995 A.2d 496 (Pa.Cmwlth.2010) (*en banc* )). The circumstances in this case are not so unique as to abandon this precedent. We have permitted the OOR to participate as an *amicus* or intervenor when matters involving its procedures or practice are implicated. *See, e.g., Office of the Governor v. Scolforo,* 65 A.3d 1095 (Pa.Cmwlth.2013) (permitting OOR to intervene regarding *in camera* review issue); *Dep't of Transp. v. Office of Open Records,* 7 A.3d 329 (Pa.Cmwlth.2010) (regarding interpretation of Section 1303(b) of the RTKL, 65 P.S. § 67.1303(b), and content of record on appeal to court). PSP is the proper respondent because it is the agency from which the records are requested.