IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Cafoncelli,                          :
                                            : No. 1392 C.D. 2016
                        Petitioner          : Submitted: January 20, 2017
                                            :
            v.                              :
                                            :
Pennsylvania State Police,                  :
                                            :
                        Respondent          :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                   FILED: June 5, 2017


          Joseph Cafoncelli (Requester) petitions for review from a final
determination of the Office of Open Records (OOR) that denied his appeal from
the Pennsylvania State Police's (PSP) denial of his request under the Right-to-
Know Law (RTKL).[1]  Requester argues that the OOR erred or abused its discretion
by finding that records relating to a criminal investigation were exempt from
disclosure without giving adequate consideration to the fact that Requester is a
relative of the victims, the incident leading to the investigation occurred over 50
years ago, and the perpetrator of the crime has since died.  Under the
circumstances here, he asserts that the rationale behind the exemption is not served
in this case.  Upon review, we affirm.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

Requester submitted a request to PSP for police reports, photographs, interviews or any other information that the PSP might have regarding the murder of Mr. and Mrs. Louis T. Cafoncelli (grandparents or victims) on April 3, 1966, formerly of 120 Mayer Street, Pennside in Berks County, Pennsylvania. In the request, Requester identified himself as the victims' grandson and a retired criminal investigator for the City of Reading. PSP Detective Elwood Krause of the Reading Barracks investigated the double homicide. Donald C. Guthier (defendant), who was convicted of their murders, died in July 2002, while serving a life sentence.

PSP responded that it identified an Initial Crime Report and its supporting attachments, including interviews, (collectively, the Report) as the sole responsive record to the request. PSP denied the request on the basis that the Report is exempt from disclosure because it constitutes criminal investigative materials under Section 708(b)(16) of the RTKL, 65 P.S. §67.708(b)(16), and the PSP is prohibited from disclosing this information under the Criminal History Record Information Act (CHRIA).[2] Specifically, the PSP found the Report is exempt because it contains: "[c]omplaints of potential conduct other than a private criminal complaint," and findings, conclusions, actions, observations and notes of investigating troopers constituting "[i]nvestigative materials, notes, correspondence." 65 P.S. §67.708(b)(16)(i), (ii). If the Report is disclosed, the PSP asserted it would "[r]eveal the institution, progress or result of a criminal investigation." 65 P.S. §67.708(b)(16)(vi)(A).

---

[2] 18 Pa. C.S. §§9101-9183.

In addition, PSP explained the Report was exempt pursuant to Section 708(b)(30) of the RTKL, 65 P.S. §67.708(b)(30), as records identifying the name, home address or date of birth of a child 17 years of age or younger. As for the photographs that were requested, PSP acknowledged that photographs were taken as part of the investigation. However, PSP was unable to locate any photographs within its possession, custody or control. To the extent that the request sought records involving covert law enforcement investigations, PSP would not confirm or deny the existence of such records. PSP included a verification of Lissa M. Ferguson, Deputy Agency Open Records Officer (Deputy Officer Ferguson), in support of its denial.

Requester appealed to the OOR challenging the denial and asserting grounds for disclosure. The OOR invited the parties to supplement the record, and it directed the PSP to notify any third parties of their ability to participate in the appeal pursuant to Section 1101(c) of the RTKL, 65 P.S. §67.1101(c). The PSP submitted a position statement, along with a notarized affidavit from William A. Rozier, Agency Open Records Officer (Officer Rozier), who affirmed that the Report was the sole responsive record to the request and that it manifestly related to a criminal investigation.

Based on the evidence presented, the OOR determined the Report is the only record responsive to the request and is exempt from disclosure under Section 708(b)(16) of the RTKL. The OOR explained that an incident report regarding a criminal matter "is wholly exempt from disclosure because it is a criminal investigative record, which contains investigative materials and victim information." OOR Opinion, at 4 (quoting *Pennsylvania State Police v. Office of Open Records*, 5 A.3d 473, 477 (Pa. Cmwlth. 2010), *appeal denied*, 76 A.3d 540

3

(Pa. 2013)); Reproduced Record (R.R.) at 12a. Thus, the OOR denied Requester's appeal.[3]

Requester now petitions this Court for review.[4] Requester challenges the PSP's denial on the basis that the records requested are stale and all parties have died including the actor convicted of the crime. He asserts that there is no longer an active investigation or a complaint of *potential* criminal conduct as the case is closed and the actor was brought to justice. He claims that the OOR also failed to consider the fact that the sharing of the victims' information is unique in this case because Requester is a relative the victims. Given the circumstances, Requester advances that the public policy rationale behind the criminal investigation exemption is not served in this case. He requests disclosure of the Report in its entirety or in redacted form, if appropriate.

The RTKL requires Commonwealth agencies to produce documents that are "public records" in response to a RTKL request. Section 301(a) of the RTKL, 65 P.S. §67.301(a). Section 305 of the RTKL provides, in pertinent part, that "[a] record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record," unless "the record is exempt under [S]ection 708." 65 P.S. §67.305. The RTKL defines a "public record" as "[a] record, including a financial record, of a Commonwealth . . . agency that: (1) is not exempt under [S]ection 708 . . . ." Section 102 of the RTKL, 65 P.S. §67.102.

Section 708(b)(16) of the RTKL exempts:

---

[3] In light of this disposition, the OOR did not examine the PSP's alternative grounds for denying access.

[4] For appeals from determinations made by the OOR involving Commonwealth agencies, our standard of review is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

4

A record of an agency relating to or resulting in a criminal investigation, including:

(i) Complaints of potential criminal conduct other than a private criminal complaint.

(ii) Investigative materials, notes, correspondence, videos and reports.

(iii) A record that includes the identity of a confidential source or the identity of a suspect who has not been charged with an offense to whom confidentiality has been promised.

(iv) A record that includes information made confidential by law or court order.

(v) Victim information, including any information that would jeopardize the safety of the victim.

(vi) A record that, if disclosed, would do any of the following:

(A) Reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges.

(B) Deprive a person of the right to a fair trial or an impartial adjudication.

(C) Impair the ability to locate a defendant or codefendant.

(D) Hinder an agency's ability to secure an arrest, prosecution or conviction.

(E) Endanger the life or physical safety of an individual.

This paragraph shall not apply to information contained in a police blotter as defined in 18 Pa. C.S. §9102 (relating to definitions) and utilized or maintained by the [PSP], local, campus, transit or port authority police department or other law enforcement agency or in a traffic report except as provided under 75 Pa. C.S. §3754(b) (relating to accident prevention investigations).

65 P.S. §67.708(b)(16).

5

The agency receiving the request bears the burden of proving the record is exempt by a preponderance of the evidence. Section 708(a) of the RTKL, 65 P.S. §67.708(a). The preponderance of the evidence standard, which is "the lowest evidentiary standard, is tantamount to a more likely than not inquiry." *Delaware County v. Schaefer ex rel. Philadelphia Inquirer*, 45 A.3d 1149, 1156 (Pa. Cmwlth. 2012). An agency can meet its burden of proof through affidavits. *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010).

With regard to Section 708(b)(16)'s criminal investigation exemption, this Court has previously held that police incident reports are exempt from disclosure. *Pennsylvania State Police*, 5 A.3d at 479. In *Pennsylvania State Police*, a requester filed a request with PSP seeking an incident report, which PSP denied. Requester appealed to the OOR, which directed PSP to provide a copy of the report. On further appeal, this Court conducted *in camera* review of the incident report. We noted the report contains notes of interviews with the alleged victims and perpetrators, as well as another witness and marked checkboxes regarding whether certain investigative tasks were carried out or whether certain information was discovered. The report was assembled as a result of an investigation into a criminal incident or an allegation of criminal wrongdoing and contained investigative information. Thus, we determined the report constituted a criminal investigative report and was not a public record subject to disclosure pursuant to Section 708(b)(16) and CHRIA. *Id*. at 479.

Later, in *Hunsicker v. Pennsylvania State Police*, 93 A.3d 911, 912 (Pa. Cmwlth. 2014), the requester requested an incident report concerning her brother's death. She raised similar arguments to those raised here. We again held

6

that the incident report was not subject to disclosure under Section 708(b)(16) and CHRIA. With regard to her status as a family member, we opined:

> Under the RTKL, whether the document is accessible is based only on whether a document is a public record, and, if so, whether it falls within an exemption that allows that it not be disclosed. The status of the individual requesting the record and the reason for the request, good or bad, are irrelevant as to whether a document must be made accessible under Section 301(b). *See* 65 P.S. §67.301(b) (stating that an agency "may not deny a requester access to a public record due to the intended use of the public record by the requester unless otherwise provided by law.").

*Id*. at 913.

Indeed, a requester's identity or motivation for making a request is not relevant to determining whether a record is accessible under the RTKL. *Padgett v. Pennsylvania State Police*, 73 A.3d 644, 647 (Pa. Cmwlth. 2013). Rather, we examine the request itself, not the requester, the reasons for the request, or the intended use of the record. *Id*.; *see* Section 301(b) of the RTKL, 65 P.S. §67.301(b).

Here, Requester is requesting records that pertain to the criminal investigation of his grandparents' murder. PSP denied access on the grounds that the Report is exempt. According to the verification of Deputy Officer Ferguson and the affidavit of Officer Rozier, the Report is a multi-page report, which includes interviews, assembled by Trooper Krause on or after April 3, 1966, as a result of an investigation into a criminal incident. R.R. at 7a; Supplemental Reproduced Record (S.R.R.) at 19b. The Report contains personal identifying information, including that of a child 17 years of age or younger. R.R. at 7a. The Report reflects the findings and conclusions, as well as actions, observations and

notes of investigating troopers. R.R. at 7a; S.R.R. at 19b. Both open records officers attested that the Report, if disclosed, would reveal the institution, progress and result of a criminal investigation. R.R. at 7a; S.R.R. at 19b. Both affirmed that the Report does not contain original records of entry, a chronology of arrest, or other information contained in a police blotter. R.R. at 7a; S.R.R. at 19b. Upon review of the verification and affidavit, we are satisfied that PSP met its burden of proving that the Report is exempt under Section 708(b)(18) of the RTKL from public disclosure. *See* 65 P.S. §67.708(b)(16); *Hunsicker; Pennsylvania State Police*.

Notwithstanding, Requester contends an exception should be made because he is a relative of the victims and there would be no harm in releasing the information to him. However, Requester's identity or status as a relative is irrelevant. *See Hunsicker; Padgett*. The RTKL contains no exceptions for certain individuals to gain to access information. Under the RTKL, a record is either available to the public at large as a public record or it is shielded from disclosure. *See* 65 P.S. §67.102; 65 P.S. §67.305; *see also Hunsicker*.

Requester also maintains that the Report should be released on the grounds that the case is old, the investigation is long-since closed, the conviction adjudicated, and all relevant parties have died. Therefore, he claims that the public policy reasons behind the exemption are not served in this case.

Nevertheless, the Report does contain investigative materials, notes, correspondence and reports, which, if disclosed, would reveal the institution, progress or result of a criminal investigation. 65 P.S. §67.708(b)(16). The RTKL does not provide an expiration date for exemptions. This Court has drawn a bright-line rule regarding the criminal investigative materials. *See Hunsicker;*

8

*Pennsylvania State Police*.  Although we are sympathetic to Requester's desire to learn more about his grandparents' tragic deaths, the circumstances in this case are not so compelling as to abandon statutory law and precedent of protecting criminal investigative materials from public disclosure.  *See Hunsicker*.  We respectfully decline to carve an exception on the grounds asserted here.

Insofar as Requester argues for redaction, Section 706 of the RTKL, 65 P.S. §67.706, provides for redaction when the record contains information that is both subject to disclosure and exempt from disclosure.  However, the redaction provision only applies to records that are first determined to be "public records." 65 P.S. §67.706.  A record that falls squarely within one of the exemptions in Section 708 does not constitute a "public record" and redaction is not required. *Heavens v. Department of Environmental Protection*, 65 A.3d 1069, 1077 (Pa. Cmwlth. 2013); *Department of Health v. Office of Open Records*, 4 A.3d 803, 815 (Pa. Cmwlth. 2010).  As we have determined the Report is not a public record, we decline his request for redaction.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Cafoncelli,      :
     : No. 1392 C.D. 2016
           Petitioner    :
     :
       v.        :
     :
Pennsylvania State Police,      :
     :
           Respondent :

## O R D E R

AND NOW, this 5<u>th</u> day of June, 2017, the order of the Office of Open Records, dated July 19, 2016, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge