IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey S. Deeter,     :
            :
     Petitioner :
            :
    v.     : No. 1657 C.D. 2016
            : Submitted: March 17, 2017
Pennsylvania Board of    :
Probation and Parole,    :
            :
     Respondent :


BEFORE:  HONORABLE ROBERT SIMPSON, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK        FILED: July 11, 2017


    Jeffrey S. Deeter (Requester) petitions *pro se* for review of the Office of Open Records' (OOR) final determination that dismissed his appeal from the Pennsylvania Board of Probation and Parole's (Board) denial of his request for the release of the "official version of his case" under the Right-to-Know Law (RTKL).[1]  We affirm.

    Requester, an inmate at the State Correctional Institution at Somerset, filed a request with the Board for the "official version of his case."  The Board denied the request for the following reasons:  (1) the record is not considered

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

"public" under Section 305(a)(3) of the RTKL[2] because the requested record is confidential under Section 61.2 of the Board's regulations[3] and the Criminal History Record Information Act (CHRIA)[4]; and (2) the record is not considered "public" under Section 305(a)(1) of the RTKL[5] because it is related to the Board's duties in gathering criminal and noncriminal investigation information and it is therefore exempt under Sections 708(b)(16)[6] and (17) of the RTKL.[7]  *See also*

---

[2] 65 P.S. §67.305(a)(3).  Section 305(a)(3) states that "[a] record in the possession of the Commonwealth agency . . . shall be presumed to be a public record" except where "the record is exempt from disclosure under any other . . . State law or regulation . . . ."

[3] 37 Pa. Code §61.2.  Section 61.2 states:

> Records, reports and other written things and information, evaluations, opinions and voice recordings in the Board's custody or possession touching on matters concerning a probationer or parolee are private, confidential and privileged; except that a brief statement of the reasons for actions by the Board granting or refusing a parole will at all reasonable times be open to public inspection in the offices of the Board.

[4] 18 Pa. C.S. §§9101-9183.  Section 9106(c)(4) prohibits secondary dissemination of information generated by a law enforcement agency, stating that "[i]nvestigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency."  18 Pa. C.S. §9106(c)(4).  In turn, Section 9102 defines "investigative information" as "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing and may include modus operandi information." 18 Pa. C.S. §9102.

[5] 65 P.S. §67.305(a)(1).  Section 305(a)(1) states that "[a] record in the possession of the Commonwealth agency . . . shall be presumed to be a public record" except where "the record is exempt from disclosure under section 708."

[6] 65 P.S. §67.708(b)(16).  Section 708(b)(16) exempts from access by a requester "[a] record of an agency relating to or resulting in a criminal investigation . . . ."  This classification includes "complaints of potential criminal conduct"; "[i]nvestigative materials, notes, correspondence, videos and reports"; "the identity of a confidential source"; "information made **(Footnote continued on next page…)**

2

Section 6135(a) of the Prisons and Parole Code.[8]  Certified Record (C.R.) Item 1 at 2.

Requester appealed the Board's denial to OOR, stating that "[s]ince copies of my records have been denied, I ask that the documents that make up my 'Official Version' be identified so I can attempt to obtain them from other sources."  C.R. Item 1 at 1.  OOR notified Requester that the appeal was deficient because it failed to include a copy of his request and directed him to file a copy of the request pursuant to Section 1303(b) of the RTKL.[9]  C.R. Item 3 at 1.  Ultimately, OOR issued the instant final determination, noting that "Requester has

_____

**(continued…)**

confidential by law or court order"; "[v]ictim information"; or "[a] record that, if disclosed, would . . . [r]eveal the institution, progress or result of a criminal investigation . . . ."

[7] 65 P.S. §67.708(b)(17).  Section 708(b)(17) exempts from access by a requester "[a] record of an agency relating to a noncriminal investigation . . . ."  This classification includes "complaints submitted to an agency"; "[i]nvestigative materials, notes, correspondence and reports"; "the identity of a confidential source"; "information made confidential by law"; or "[a] record that, if disclosed, would . . . [r]eveal the institution, progress or result of an agency investigation . . . ."

[8] 61 Pa. C.S. §6135(a).  Section 6135(a) states in relevant part, that "[t]he board, on the commitment to a correctional facility of any person whom the board is given the power to parole . . . shall consider . . . "[t]he nature and circumstances of the offense committed"; [t]he general character and background of the inmate"; "[t]he notes of testimony of the sentencing hearing . . . together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed"; and "[t]he conduct of the person while in prison and his physical, mental and behavioral condition and history, his history of family violence and his complete criminal record."

[9] 65 P.S. §67.1303(b).  Section 1303(b) states, in pertinent part, that "[t]he record before a court shall consist of the request, the agency's response, the appeal[,] the hearing transcript, if any, and the final written determination of the appeals officer."

3

not provided a copy of the request" and "has failed to comply with OOR's order." C.R. Item 4 at 1. OOR added:

> By failing to provide a copy of the request, the record in this appeal is not sufficient. Without this document, the OOR does not have a complete record upon which to base its determination. Additionally, the OOR would be unable to present a complete record on appeal to an appellate court as required by Section 1303(b) of the RTKL. As the Requester has failed to comply with the OOR's Order, this matter is **dismissed**.

*Id.* (emphasis in original). Requester has now appealed OOR's dismissal to this Court, raising 23 different issues on appeal; however, the only relevant issue before this Court is whether OOR properly dismissed Requester's appeal under the RTKL.[10]

As noted above, under Section 305(a) of the RTKL, a record in the possession of a Commonwealth agency is presumed to be a public record unless it is exempt under Section 708, protected by a privilege, or exempt from disclosure under other law or court order. An agency bears the burden of proving that a

---

[10] "This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary." *Hunsicker v. Pennsylvania State Police*, 93 A.3d 911, 913 n.7 (Pa. Cmwlth. 2014). This Court is not limited to the rationale offered in OOR's written decision. *See Bowling v. Office of Open Records*, 75 A.3d 453, 456 (Pa. 2013). We "may affirm on other grounds where grounds for affirmance exist." *Kutnyak v. Department of Corrections*, 748 A.2d 1275, 1279 n.9 (Pa. Cmwlth.), *appeal denied*, 784 A.2d 121 (Pa. 2000). Therefore, we need not address whether Requester's failure to provide a copy of his request warranted OOR's summary dismissal as other apparent grounds for dismissal appear in the record. *See, e.g., Padgett v. Pennsylvania State Police*, 73 A.3d 644, 646-47 (Pa. Cmwlth. 2013) (holding that "the only issue before us is the legal sufficiency of Requester's appeal to OOR" so that "we need not reach the public nature of the records requested."); *Stein v. Plymouth Township*, 994 A.2d 1179, 1183 (Pa. Cmwlth. 2010) (holding that a requester's argument that he was entitled to records under the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202, failed as the appeal involved only a right-to-know request and that any right to disclosure under the MPC must be determined in that forum).

4

record is exempt from disclosure and, in denying such access, shall state the specific reasons for the denial, including a citation to supporting legal authority. Sections 708(a)(1) and 903, 65 P.S. §§67.708(a)(1), 67.903. Section 1101(a) of the RTKL places an affirmative duty upon the requester to file a minimally sufficient appeal with the OOR within 15 days of the denial that "shall state the grounds upon which the requester asserts that the record is a public record . . . and shall address any grounds stated by the agency for . . . denying the request." 65 P.S. § 67.1101(a). We have explained that the purpose of this section is to allow the agency the opportunity to correct any errors identified by the requester in its denial decision before any further appeal is needed, and that although the requirement is mandatory, it is not particularly onerous. *Department of Corrections v. Office of Open Records*, 18 A.3d 429, 434 (Pa. Cmwlth. 2011). When a requester fails to state that the records sought are public, or fails to address an agency's grounds for denial, OOR's dismissal of the appeal is proper. *Padgett v. Pennsylvania State Police*, 73 A.3d 644, 647 (Pa. Cmwlth. 2013). *See also Saunders v. Department of Corrections*, 48 A.3d 540, 542-43 (Pa. Cmwlth. 2012) (affirming OOR's dismissal where the requester failed to address the exemptions cited by the agency); *Department of Corrections*, 18 A.3d at 434 (holding that an appeal that fails to sufficiently specify the reasons for appeal should be dismissed and should not be addressed by OOR).

Here, the Board denied Requester's request for certain records on the grounds that they were exempt as criminal and noncriminal investigative records under Sections 708(b)(16) and (17) of the RTKL, as well as under Section 61.2 of its regulations providing that parole records are confidential, and the CHRIA. However, nowhere in his appeal to OOR did Requester state why the requested

5

records did not fall under the exemptions asserted by the Board and, thus, were public records subject to access. Because Requester's appeal failed to sufficiently specify the reasons for his appeal from the Board's denial of his request, OOR properly dismissed Requester's appeal.

Accordingly, we affirm OOR's final determination.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey S. Deeter,                    :
                                      :
                Petitioner            :
                                      :
          v.                          : No. 1657 C.D. 2016
                                      :
Pennsylvania Board of                 :
Probation and Parole,                 :
                                      :
                Respondent            :


O R D E R


AND NOW, this 11th day of July, 2017, the final determination of the Office of Open Records dated September 15, 2016, at No. AP 2016-1509 is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge