IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John M. Gera,                              :
                    Appellant              :
                                           :
        v.                                 :   No. 192 C.D. 2020
                                           :   SUBMITTED:  January 15, 2021
Borough of Frackville and Schuylkill       :
County District Attorney's Office          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                        FILED:  April 22, 2021

        John Gera (Requester) appeals from the September 18, 2019 Order of the
Schuylkill County Court of Common Pleas (Trial Court), which denied his request
for records related to a criminal investigation of him by the Borough of Frackville
(Borough) Police Department.  The Trial Court concluded that the requested records
were exempt from disclosure under Section 708(b)(16) of the Right-to-Know Law
(RTKL), Act of February 14, 2008, P.L. 6, 65 P.S. § 67.708(b)(16) (relating to
records pertaining to criminal investigations).  On appeal, Requester asserts that the
attestation of Richard Bell, Borough Chief of Police (Chief Bell), was insufficient
for the Borough to satisfy its burden of proving that Section 708(b)(16)'s criminal
investigation exemption applies.  For the following reasons, we affirm.

# I. Background

On June 7, 2018, Requester filed the following RTKL request[1] with the Borough seeking:

> 1. Names, addresses and telephone numbers of all Frackville, Pa. Borough Mayor, Borough Council Members, Borough Solicitor and insurance carrier/ provider.
>
> 2. [] All records of [V.G.] and [B.A.] both [l]iving at [an identified address]. Concerning any and all investigations, communications, records, reports, etc. by the Frackville Police on [Requester].
>
> 3. All records [c]oncerning any and all investigations, communications, records, reports, etc. by the Police on [Requester].

RTKL Request at 3, Reproduced Record (R.R.) at 26. Initially, the Borough granted the request with respect to the Borough officials but denied the information related to the Borough's insurance provider, as well as Items 2 and 3. R.R. at 16. Requester appealed to the Office of Open Records (OOR) and asserted that Chief Bell had told him that the investigation had been closed. *Id.* Requester argued that since the investigation was closed, he was entitled to Items 2 and 3 of his request. *Id.*

The Borough submitted the affidavits of Brenda Deeter, the Borough's Open Records Officer, and Chief Bell. In her Affidavit, Ms. Deeter explained that "[a]fter conducting a good faith search of the [Borough's] files and inquiring with relevant [Borough] personnel, [she] identified all records within the [Borough's] possession, custody, or control that are responsive to the request." Deeter Aff. at 1, R.R. at 34.

---

[1] Requester utilized a Freedom of Information Act request form, which is required for requesting information from the federal government. Nonetheless, the Borough responded to the request.

Chief Bell explained in his Affidavit that "[t]he Police Department received complaints from [V.G.] and [B.A.], her 18-year-old daughter, regarding conduct/inappropriate contact by [Requester] that is being investigated." Bell Aff. at 1, R.R. at 35. Chief Bell further explained that "[t]he investigation was opened on January 25, 2018, and it is ongoing." *Id.*

OOR granted the request with respect to all of Item 1[2] but transferred the appeal on Items 2 and 3 to the Appeals Officer of the Schuylkill County District Attorney's Office (DA). OOR Final Determination at 7, R.R. at 21. OOR noted that pursuant to Section 503(d)(2) of the RTKL,[3] 65 P.S. § 67.503(d)(2), "only the [DA] Appeals Officer . . . is authorized to 'determine if the record[s] requested [are] criminal investigative record[s]' of a local law enforcement agency within Schuylkill County." *Id.* (quoting 65 P.S. § 67.503(d)(2)). OOR determined that it lacked jurisdiction over the appeal relating to Items 2 and 3, because the Borough police department is a local law enforcement agency, and the request facially sought records relating to a criminal investigation. *Id.*

---

[2] OOR determined that Item 1, relating to the Borough's insurance provider, was sufficiently specific, and that the Borough's claims that no records existed "seem[ed] improbable." OOR Final Determination at 4-5, 6 n.2, R.R. at 18-20. As such, OOR concluded that the Deeter Affidavit was insufficient to show that no additional records existed. *Id.* at 6.

[3] Section 503(d)(2) of the RTKL states:

> The district attorney of a county shall designate one or more appeals officers to hear appeals under Chapter 11 relating to access to criminal investigative records in possession of a local agency of that county. The appeals officer designated by the district attorney shall determine if the record requested is a criminal investigative record.

65 P.S. § 67.503(d)(2).

On January 4, 2019, the DA Appeals Officer denied Requester's appeal with respect to Items 2 and 3. DA Appeals Officer RTKL Denial at 1, R.R. at 12. The Appeals Officer explained, "both of the remaining types of records [] requested are exempt from disclosure under [Section 708(b)(16) (relating to records pertaining to criminal investigations)]." *Id.* Thereafter, Requester appealed to the Trial Court.

The Trial Court held two hearings at which Requester appeared *pro se*. At the first hearing, the Trial Court determined that the DA had been improperly named as a party to the suit and substituted the Borough as defendant.[4] Notes of Testimony (N.T.), 7/11/19, at 8-10. The Trial Court also instructed Requester on the law and his responsibility while acting as his own attorney. *Id.* at 11-12. On August 19, 2019, the Borough filed a Motion to Dismiss Requester's Appeal for failure "to state why the records did not fall under the asserted exemptions," as required by Section 1101(a)(1) of the RTKL, 65 P.S. § 67.1101(a)(1).[5] Borough's Motion to Dismiss ¶ 6. At the second hearing, the Borough introduced the Affidavit of Chief Bell. N.T., 9/18/19, at 3-4 & Borough Ex. 1. Requester argued that there was no ongoing investigation and he was entitled to the records. *Id.* at 5, 9-10. The Borough argued that the criminal records exemption in Section 708(b)(16) has no time limit and the Bell Affidavit was sufficient evidence under the RTKL. *Id.* at 6-9.

---

[4] Requester again improperly named the DA as a party in this appeal. The DA Appeals Officer functioned in a quasi-judicial role reviewing the Borough's denial under Chapter 11 of the RTKL and was not a party to the case. *See* Section 503(d)(2) of the RTKL, 65 P.S. § 67.503(d)(2) (relating to DA Appeals Officer's jurisdiction over RTKL requests to local law enforcement agencies); Section 1102(a) of the RTKL, 65 P.S. § 67.1102(a) (relating to duties of Appeals Officers).

[5] Section 1101(a)(1) of the RTKL provides: "The appeal shall state the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and shall address any grounds stated by the agency for delaying or denying the request." 65 P.S. § 67.1101(a)(1).

On September 18, 2019, the Trial Court granted the Borough's Motion to Dismiss, concluding that the Borough complied with the RTKL and that the requested records in Items 2 and 3 were exempt from disclosure under Section 708(b)(16) because they related to a criminal investigation. R.R. at 4-5. The Trial Court specifically relied on the Bell Affidavit in reaching its conclusion that the requested records were exempt as related to a criminal investigation. *Id.* at 5. This appeal followed.[6]

## II. Issue

Although Requester presents several arguments in his brief,[7] they essentially boil down to one issue: whether the Bell Affidavit was sufficient for the Borough to

---

[6] In a RTKL dispute, this Court reviews a trial court's order to determine if the findings of fact are supported by substantial evidence, the trial court committed an error of law, or the trial court abused its discretion. *Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 178 n.8 (Pa. Cmwlth. 2019). This Court's scope of review with respect to a question of law is plenary. *Id.*

[7] In his brief, Requester alleges that the DA, the Borough, and the Trial Court all conspired "to deny [Requester] his rights." Requester's Br. at 9. Requester asserts—without citing any record evidence—that Chief Bell lied in his Affidavit; that the Trial Court was biased against him as a *pro se* litigant; and that the DA had a conflict of interest and should not have been a party to the case. *Id.* at 10-15. We reject these claims.

First, Requester cites no evidence that Chief Bell lied in his Affidavit, other than arguing Chief Bell's absence at the Trial Court's hearings indicated he did not want to perjure himself further. N.T., 9/18/19, at 5, 8. Second, although the Trial Court admonished Requester for his various outbursts and accusations, Requester cites no record evidence demonstrating bias. N.T., 7/11/19, at 5-6. Contrary to Requester's assertion that the Trial Court "regurgitated" the Appeals Officer's decision, the Trial Court merely affirmed that decision. Third, the DA was improperly named as a party to the appeal by Requester and was substituted for the Borough when the Trial Court learned of the error. *Id.* at 10. To the extent that Requester argues a conflict of interest existed between himself and the DA, Requester points to no evidence that the Appeals Officer was similarly conflicted. Nor does Requester indicate how the alleged conflict impinged on the Appeals Officer's quasi-judicial role of determining whether the requested records were exempt from disclosure under the RTKL.

carry its burden to prove that the records requested in Items 2 and 3 were exempt from disclosure under Section 708(b)(16) of the RTKL. Requester's chief argument is that there is no evidence that the two-year criminal investigation is still ongoing and thus must be complete. Requester's Br. at 11-14. The Borough counters that Section 708(b)(16) does not specify any time limit for criminal investigations and Requester fails to explain how the documents he requested "do not constitute criminal records under the exemption." Borough's Br. at 6.

### III.    Discussion

Under Section 305(a) of the RTKL, there is a presumption that a record in the possession of an agency is a public record subject to disclosure. 65 P.S. § 67.305(a). This presumption may be rebutted where "(1) the record is exempt under Section 708 [of the RTKL]; (2) the record is protected by a privilege; or (3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree." *Id.* Specifically, Section 708(b)(16) exempts from disclosure "[a] record of an agency relating to or resulting in a criminal investigation . . . ."[8] *Id.* § 67.708(b)(16).

---

[8] Pursuant to Section 708(b)(16) of the RTKL, a record relating to a criminal investigation, includes:

> (i)    Complaints of potential criminal conduct other than a private criminal complaint.
> (ii)   Investigative materials, notes, correspondence, videos and reports.
> (iii)  A record that includes the identity of a confidential source or the identity of a suspect who has not been charged with an offense to whom confidentiality has been promised.
> (iv)   A record that includes information made confidential by law or court order.
> (v)    Victim information, including any information that would jeopardize the safety of the victim.

**(Footnote continued on next page…)**

6

An agency has the burden of proving, by a preponderance of the evidence, that an exemption applies to the records sought. *Id.* § 67.708(a)(1); *Del. Cnty. v. Schaefer ex rel. Phila. Inquirer*, 45 A.3d 1149, 1156 (Pa. Cmwlth. 2012) ("A preponderance of the evidence standard, the lowest evidentiary standard, is tantamount to a more likely than not inquiry."). However, the exemptions from disclosure are to be construed narrowly. *Pa. Off. of Inspector Gen. v. Brown*, 152 A.3d 369, 372 (Pa. Cmwlth. 2016). An agency may carry its burden of proving an exemption with affidavits of agency personnel. *UnitedHealthcare of Pa., Inc. v. Pa. Dep't of Hum. Servs.*, 187 A.3d 1046, 1059 (Pa. Cmwlth. 2018).

> Affidavits are the means through which a governmental agency . . . justifies nondisclosure of the requested documents under each exemption upon which it relied . . . . The affidavits must be detailed, nonconclusory, and submitted in good faith . . . . Absent evidence of bad faith, the veracity of an agency's submissions explaining reasons for nondisclosure should not be questioned.

---

(vi)   A record that, if disclosed, would do any of the following:
    (A) Reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges.
    (B) Deprive a person of the right to a fair trial or an impartial adjudication.
    (C) Impair the ability to locate a defendant or codefendant.
    (D) Hinder an agency's ability to secure an arrest, prosecution or conviction.
    (E) Endanger the life or physical safety of an individual.

65 P.S.§ 67.708(b)(16).

*Id.* (quoting *McGowan v. Pa. Dep't of Env't Prot.*, 103 A.3d 374, 381 (Pa. Cmwlth. 2014)). An affidavit that is merely conclusory will not satisfy an agency's burden, and an affidavit "must be specific enough to permit OOR or a reviewing court to ascertain whether the claimed exemption applies to the records." *Id.*

On the other hand, when appealing an agency denial of the requested records, the requester must assert the basis upon which the record is a public record and must address any grounds stated by the agency for denying the request. 65 P.S. §67.1101(a)(1). This is a threshold requirement for appeals to OOR. *See Padgett v. Pa. State Police*, 73 A.3d 644, 647 (Pa. Cmwlth. 2013) ("[A] minimally sufficient appeal is a condition precedent for OOR to consider a requester's challenge to an agency denial."). This requirement "merely places a burden on a requester to identify flaws in an agency's decision denying a request"; however, the requester has no burden to prove anything since the presumption must be rebutted by the agency. *Dep't of Corr. v. Off. of Open Recs.*, 18 A.3d 429, 434 (Pa. Cmwlth. 2011).

These same standards also apply to the DA Appeals Officer's review of an agency denial of "criminal investigative records in possession of a local agency of that county." 65 P.S. § 67.503(d)(2) (directing the district attorney to designate an appeals officer "to hear appeals under Chapter 11 [of the RTKL]"). Pursuant to Section 1102 of the RTKL, the appeals officer is required to "[r]eview all information filed relating to the request," and "[i]ssue a final determination." *Id.* § 67.1102(a)(2), (4); *see also Twp. of Worcester v. Off. of Open Recs.*, 129 A.3d 44, 59 (Pa. Cmwlth. 2016) ("An appeals officer functions as the initial fact-finder, and acts in a quasi-judicial capacity pursuant to Section 1102 of the RTKL."). Although the appeals officer may hold a hearing, admit evidence, and even conduct an *in*

*camera* review if necessary; the request, denial, and affidavits of the parties are often sufficient to adjudicate the matter. *UnitedHealthcare*, 187 A.3d at 1060.

Here, Items 2 and 3 requested records relating to a criminal investigation. Requester seeks "all investigations, communications, records, reports, etc. by the Frackville Police on [Requester]." RTKL Request at 3, R.R. at 26. Section 708(b)(16) of the RTKL specifically exempts "[i]nvestigative materials, notes, correspondence, videos and reports," as well as, "[v]ictim information, including any information that would jeopardize the safety of the victim." 65 P.S. § 67.708(b)(16)(ii), (v). Item 2 clearly requests "victim information," and Item 3's request virtually mirrors the language of the exemption. *Compare* RTKL Request at 3, R.R. at 26, *with* 65 P.S. § 67.708(b)(16)(ii), (v).

The Bell Affidavit was detailed and nonconclusory. It explained the nature of the incident; when the criminal investigation was opened; and that he provided this information to the Borough to make its decision to deny the request. *See* Bell Aff. at 1, R.R. at 33. The Bell Affidavit further identified V.G. and B.A. as the victims of inappropriate conduct or contact by Requester. *Id.* For these reasons, we conclude that the Bell Affidavit was sufficiently specific for the Borough to establish that the criminal investigation exemption applies.

Requester's only argument before the DA Appeals Officer was that the investigation was closed, and therefore, he was entitled to the records. Requester repeated this argument before the Trial Court. N.T., 9/18/19, at 5. Contrary to Requester's argument, however, the criminal investigation exemption in Section 708(b)(16) does not distinguish between ongoing and completed criminal investigations, nor does it require the investigation to culminate in a citation or arrest. *See* 65 P.S. § 67.708(b)(16); *see also Pa. State Police v. Grove*, 161 A.3d

9

877, 892-93 (Pa. 2017) (explaining that a criminal investigation is "a systematic inquiry or examination into a *potential crime*") (emphasis added). Accordingly, Requester's unsubstantiated argument that the investigation is closed, or being purposely held open to harass him, has no bearing on the applicability of the Section 708(b)(16) exemption.[9]

## IV. Conclusion

Because we conclude that the Bell Affidavit was sufficient to demonstrate that the requested records were related to a criminal investigation, the Borough carried its burden of proving that Section 708(b)(16) of the RTKL applies. Thus, we conclude that the Trial Court correctly determined that the records were exempt from disclosure. Accordingly, we affirm the Trial Court's Order.

_____
ELLEN CEISLER, Judge

---

[9] To the extent that Requester asserts that *he* is entitled to the records, because they relate to him, we note that the proper inquiry is whether "the requested records are public and available to everyone," not "why a requester believes the agency should disclose records to him." *Padgett*, 73 A.3d at 647. Additionally, any alleged assurance that Chief Bell might have given Requester that the records would be available when the investigation closed was given without authority, as only the appeals officer has the authority to make that determination and release the documents. *See* 65 P.S. § 67.1102; *see also Hunsicker v. Pa. State Police*, 93 A.3d 911, 914 (Pa. Cmwlth. 2014) (stating that state trooper's assurance that requester would receive the incident report was not authorized by Section 1102).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John M. Gera,              :
        Appellant      :
                        :
     v.               :  No. 192 C.D. 2020
                        :
Borough of Frackville and Schuylkill :
County District Attorney's Office   :

# **O R D E R**

AND NOW, this 22nd day of April, 2021, the September 18, 2019 Order of the Schuylkill County Court of Common Pleas is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge