IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Natalie J. Sperry-Mauger,        :
                Appellant     :
                         :
        v.                :
                         :  No. 675 C.D. 2025
Courtney E. Hair LaRue      :  Submitted: May 12, 2026

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON              FILED: June 22, 2026

Natalie J. Sperry-Mauger (Requester), *pro se*, appeals from the April 10, 2025, order of the Court of Common Pleas of Cumberland County (trial court). The trial court denied Requester's appeal from the Cumberland County District Attorney's denial of her request for a police report pursuant to the Right-to-Know Law (RTKL).[1]  Upon review, we affirm.

## I.  Factual and Procedural Background

Requester submitted a RTKL request to Hampden Township on February 24, 2025.  Original Record (O.R.) at 8.[2]  She sought "a police report filed by Madeline Mandel on or shortly after June 30, 1980."  *Id.*  In later filings, Requester stated that she sought the report on behalf of Ronald E. Sperry, Jr., so that she could "validate his innocence" of a homicide and seek clemency with regard to

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] Original Record (O.R.) references are to electronic pagination.

the life sentence he is currently serving. *Id*. at 5, 8 & 10. With regard to the report, Requester explained that

> Mrs. Mandel called the police in response to a newspaper article that incorrectly reported the time of death for a homicide which occurred at 226 North 36th Street, Camp Hill, PA 17011. She witnessed one of the victims alive after the presumed time of death and contacted the police about this discrepancy. The police report is needed for a legal investigation to verify trial testimony provided by Madeline Mandel.

*Id*. at 8.

On February 27, 2025, the Township's RTKL officer denied the request on the basis that the document was "by nature" exempt from disclosure as a record "relating to or resulting in a criminal investigation" pursuant to Section 708(b)(16) of the RTKL, 65 P.S. § 67.708(b)(16). O.R. at 6. Requester appealed to the Office of Open Records (OOR), which determined on March 3, 2025, that it lacked jurisdiction to consider a request regarding a document held by a local law enforcement agency and transferred the matter to the District Attorney's office. *Id*. at 11-12.

On March 6, 2025, Courtney E. Hair LaRue of the District Attorney's office issued a letter agreeing with the Township that the report was exempt from disclosure as a criminal investigation record. O.R. at 14. Requester appealed to the OOR, which on March 12, 2025, declined jurisdiction over "the final determination of the appeals officer relating to a decision of a local agency" and directed Requester to appeal to the trial court. *Id*. at 16 (quoting 65 P.S. § 67.1302(a)). On March 26, 2025, Requester petitioned the trial court to review the District Attorney's response. *Id*. at 4-5.

2

On April 10, 2025, the trial court issued an order denying Requester's appeal because the report sought by Requester was exempt from disclosure. O.R. at 19. Requester timely appealed to this Court. *Id*. at 21. The trial court ordered Requester to file a concise statement of errors complained of on appeal pursuant to Rule of Appellate Procedure 1925(b) on May 28, 2025, and Requester's June 5, 2025, statement set forth the issues listed below. O.R. at 25 & 28. In lieu of a formal opinion pursuant to Rule 1925(a), the trial court issued a statement relying on its April 10, 2025, order. *See* Trial Ct. Statement, June 30, 2025. Briefing has been submitted and this matter is now ripe for disposition.

## II. Issues and Arguments

Requester first argues that Mrs. Mandel filed the police report because she believed that the local newspaper erred in reporting the time of the homicide in 1980, so the "intent was for the report to be accessible to the public." Requester's Br. at 7. Requester next avers that access to the report would serve the public interest and policy by helping her establish Mr. Sperry's innocence. *Id*. at 7-8. Lastly, Requester argues that denying her access to the report violates the Pennsylvania Constitution's protections of the rights of individuals to defend their life and liberty and of the accused to a fair prosecution and trial. *Id*. at 8.

The District Attorney responds that Section 708(b)(16) of the RTKL and case law interpreting it reflect that police reports are not subject to disclosure because they contain material "relating to or resulting in a criminal investigation." Dist. Atty's Br. at 6-7. The District Attorney explains that police reports are non-disclosable to the public, however old they may be and whatever the requester's identity, interest, or motive, because these reports may include internal police notes,

3

methods, and witness information that must remain confidential. *Id*. at 7-8. In her reply brief, Requester largely reiterates the arguments of her principal brief. Requester's Reply Br. at 3-4.

## III. Discussion

Section 302(a) of the RTKL provides that local agencies must provide copies of all public records upon request.[3] 65 P.S. § 67.302(a). Section 102 of the RTKL defines a "public record" as "[a] record, including a financial record, of a Commonwealth or local agency that: (1) is not exempt under [S]ection 708; (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or (3) is not protected by a privilege." 65 P.S. § 67.102. Section 708 states that except as provided in subsections not relevant to this case, "the following are exempt from access by a requester under this act":

> (16) A record of an agency relating to or resulting in a criminal investigation, including:
>
> > (i) Complaints of potential criminal conduct other than a private criminal complaint.
> >
> > (ii) Investigative materials, notes, correspondence, videos and reports.
> >
> > (iii) A record that includes the identity of a confidential source or the identity of a suspect who has not been charged with an offense to whom confidentiality has been promised.

---

[3] When this Court reviews a trial court's determination in a RTKL matter concerning a local agency, we consider whether the trial court erred as a matter of law or abused its discretion by making factual findings unsupported by substantial evidence. *Kyziridis v. Off. of Northampton Cnty. Dist. Att'y*, 308 A.3d 908, 913 (Pa. Cmwlth. 2024).

(iv) A record that includes information made confidential by law or court order.

(v) Victim information, including any information that would jeopardize the safety of the victim.

(vi) A record that, if disclosed, would do any of the following:

(A) Reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges.

(B) Deprive a person of the right to a fair trial or an impartial adjudication.

(C) Impair the ability to locate a defendant or codefendant.

(D) Hinder an agency's ability to secure an arrest, prosecution or conviction.

(E) Endanger the life or physical safety of an individual.

65 P.S. § 67.708(b)(16).

"The burden of proving that a record of a Commonwealth agency or local agency is exempt from public access shall be on the Commonwealth agency or local agency receiving a request by a preponderance of the evidence." 65 P.S. § 67.708(a)(1). However, the law is settled that "[t]o withhold a record under Section 708(b)(16) [of the RTKL], [the agency] only need[s] to show that the record related to a criminal investigation, period." *Castillo v. Pa. State Police*, 310 A.3d 831, 835 (Pa. Cmwlth. 2024); *see also Barros v. Martin*, 92 A.3d 1243, 1250 (Pa. Cmwlth. 2014) ("[I]f a record, on its face, relates to a criminal investigation, it is exempt under the RTKL pursuant to Section 708(b)(16)(ii)"). This includes statements and information given to law enforcement by witnesses in the course of

a criminal investigation. *Barros*, 92 A.3d at 1250; *Pa. State Police v. Off. of Open Recs.*, 5 A.3d 473, 479 (Pa. Cmwlth. 2010).

More specifically, it is settled that "reports of police, including notes of interviews with victims, suspects and witnesses assembled for the specific purpose of investigation" are not subject to disclosure. *Pa. State Police v. Grove*, 161 A.3d 877, 893 (Pa. 2017) (collecting cases); *see also Hunsicker v. Pa. State Police*, 93 A.3d 911, 913 (Pa. Cmwlth. 2014) (stating that "no matter what is contained in an incident report, incident reports are considered investigative materials and are covered by [the criminal investigation] exemption"). Further, where the criminal investigation exemption applies, the entire report falls under the exemption and is not subject to public disclosure. *Hunsicker*, 93 A.3d at 913.

That the records sought may be for a closed criminal case is irrelevant. In *Castillo*, the requester sought police reports from his past criminal conviction, for which he had completed his sentence. *Id*. at 832-33. This Court concluded that the reports contained "the findings, conclusions, actions, and observations" of investigating officers and that if released, the report "would reveal the institution, progress or result" of the investigation. *Id*. at 835. Although the investigation had long since concluded, "the status or 'staleness' of a criminal matter is not relevant for disclosure purposes" because "[t]he RTKL does not provide an expiration date for exemptions." *Id*. Similarly, the requester's identity or motivation is not relevant to determining whether a record is accessible under the RTKL. *See Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 186 (Pa. Cmwlth. 2019); *Padgett v. Pa. State Police*, 73 A.3d 644, 647 (Pa. Cmwlth. 2013). As such, we examine the request itself, not the requester, the reasons for the request, or the requester's intended use of the record. *See id*.

6

Here, the trial court's April 10, 2025, order states in relevant part that "it appearing that the material sought . . ., i.e., a certain police report filed in 1980 with the [Township] Police Department, can only be construed as investigative and therefore exempt from disclosure [per Section 708(b)(16)(ii)], the Petition is DENIED." O.R. at 19. We note that Requester's issues raising the intent or purpose of disclosure here are meritless because it is settled that the motive, purpose, or interest of a RTKL request is not relevant to the inquiry. *See Borough of Pottstown*, 202 A.3d at 186; *Padgett*, 73 A.3d at 647. Similarly, Requester's assertion that non-disclosure violates certain constitutional rights is unavailing because our courts have stated that the only right at issue in RTKL inquiries is that of all citizens to access public records, but only those that are properly "open to the entire public at large," i.e., not exempt under Section 708 or another legal authority. *See Padgett*, 73 A.3d at 647-48. As such, we limit our inquiry to whether the trial court here correctly determined that the report sought by Requester "falls within an exemption that allows that it not be disclosed." *Clinkscale v. Dep't of Pub. Welfare*, 101 A.3d 137, 141-42 (Pa. Cmwlth. 2014) (quoting *Hunsicker*, 93 A.3d at 913).

Based on our review of the record in this matter, there is no dispute that the document sought is a report generated by local police during the course of a homicide investigation when a witness, who later testified during the trial, contacted the police to report a potential discrepancy in the time of death as reported by the local newspaper. O.R. at 4, 8 & 10. In general, some evidence is required in RTKL matters; a reviewing tribunal may not uphold an agency's claim of exemption based solely on "unsubstantiated assertions." *See Off. of Governor v. Davis*, 122 A.3d 1185, 1194; *Miller v. County of Centre*, 135 A.3d 233, 239 (Pa. Cmwlth. 2016). That said, however, "when an exemption is clear from the face of the record" and

the agency's description of the document is sufficiently specific and contains sufficient information to establish an exemption, additional evidence may be unnecessary. *Id*. Such is the case here. Returning to Section 708(b)(16), the report Requester seeks is clearly a "record of an agency relating to . . . a criminal investigation"; specifically, the report falls within the ambit of "[i]nvestigative materials, notes, correspondence, videos and reports." 65 P.S. § 67.708(b)(16)(ii).[4]

As noted by the trial court, the police report that Requester describes as the product of a witness's contact with police regarding the publicly reported time of death in a homicide investigation "can only be construed as investigative and therefore exempt from disclosure" under the Section 708(b)(16) exemption. O.R. at 19. We are, therefore, constrained to conclude that the trial court did not commit legal error or abuse its discretion in deeming the sought report exempt from disclosure under the RTKL.

## IV. Conclusion

In light of the foregoing, the trial court's April 10, 2025, order denying Requester's appeal from the District Attorney's denial of her appeal from the Township's denial of her RTKL request is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[4] Although the trial court denied the RTKL request without conducting a hearing, taking evidence or affidavits, or reviewing the report *in camera*, the trial court was not required to perform these acts. *See Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 519-21 & n.9 (Pa. Cmwlth. 2011) (concluding that trial level court considering a RTKL matter may, but need not, expand the record before it by conducting a hearing or reviewing documents *in camera*); *see also City of Harrisburg v. Prince*, 288 A.3d 559, 578 (Pa. Cmwlth. 2023) (stating that general administrative principles requiring discovery and an evidentiary hearing do not apply in RTKL matters).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Natalie J. Sperry-Mauger,         :
                          Appellant     :
                                      :

                  v.                  :
                                      :   No. 675 C.D. 2025

Courtney E. Hair LaRue        :

**O R D E R**

AND NOW, this 22nd day of June, 2026, the April 10, 2025, order of the Court of Common Pleas of Cumberland County, which denied the appeal of Natalie J. Sperry-Mauger (Requester) from the denial by Courtney E. Hair LaRue of the Office of the District Attorney of Cumberland County of Requester's Right-to-Know Law request, is **AFFIRMED**.

_____
CHRISTINE FIZZANO CANNON, Judge